BOSSIE HOGGETT *v.* STATE.

[57 South. 812.]

CRIMINAL LAW. *Second offense. Vagrancy. Punishment.*

Where a greater punishment may be inflicted for a second or subsequent violation of a penal law than for the first, the fact that the offense is a second or subsequent violation must be directly averred in the information or indictment to justify the increased punishment; else it will not be considered as an offense for which the increased punishment can be inflicted but will be deemed to be the first offense.

APPEAL from the circuit court of Forrest county.
HON. PAUL B. JOHNSON, Judge.

Bossie Hoggett was convicted of vagrancy and appeals.

The facts are fully stated in the opinion of the court.
No brief of counsel on either side found in the record.

SMITH, J., delivered the opinion of the court.

Appellant having entered a plea of guilty to an indictment charging her with vagrancy, the court, instead of imposing sentence immediately, ordered that sentence be "suspended, on payment of costs, so long as defendant remains out of the state." At a later term of the court the following judgment was rendered on appel-

lant's plea of guilty: "Comes the district attorney, who prosecutes for the state, and it appearing to the court that the defendant had entered a plea of guilty to said charge at a former term of this court, and that sentence had been suspended during good behavior, and it further appearing to the court that the defendant has been guilty of illegal conduct, it is therefore considered by the court that the defendant be sentenced to jail for ninety days, and pay all cost, and stand committed until paid; sixty days of said sentence is suspended during the time defendants remains away from Hattiesburg, Miss."

This case is controlled by the opinion this day rendered in *Emma Hoggett* v. *State,* except that the sentence imposed upon appellant was that provided for a second conviction of the crime of vagrancy, and her plea of guilty was to an indictment which contained no allegation that she had been theretofore convicted of a similar offense. "Where a greater punishment may be inflicted for a second or subsequent violation of a penal law than for the first, the fact that the offense is a second or subsequent violation must be directly averred in the information or indictment, to justify the increased punishment; else it will not be considered as an offense for which the increased punishment can be inflicted, but will be deemed to be the first offense." 10 Ency. of Pl. and Pr. 489; 22 Cyc. 356.

The suggestion of error is sustained, the judgment of the court below reversed, and the cause remanded for proper sentence.          *Reversed and remanded.*