## EDGAR BRITTON *v.* STATE.

### [58 South. 530.]

1. INTOXICATING LIQUORS. *Change of statute. Increase of penalty. Right to object. Prosecution. Code* 1906, *Sec.* 1746. *Laws* 1908, *Ch.* 115. *Laws of* 1912, *Ch.* 214.

   Sec. 1746 of the Code of 1906, as amended by Ch. 115 of the Laws of 1908, in regard to the unlawful sale of liquors was not repealed by Ch. 214 of the Laws of 1912, but was only amended so as to impose a more severe penalty for a second and third conviction.

2. CRIMINAL LAW. *Change of statute. Increase of penalty. Right to object.*

   Where pending the prosecution of accused the law is changed so as to provide a more severe penalty for a second or third violation, he cannot complain where he is being prosecuted for a first violation.

3. INDICTMENT. *Penalty. Successive offenses.*

   No person can be punished for a second or third violation if a severer punishment is to be imposed unless the indictment or affidavit so charge.

4. SAME.

   If the indictment does not charge that the offense is a second or third offense, the court will presume it to be a first offense always and inflict punishment accordingly.

5. CRIMINAL LAW. *Change of statute. Prosecution. Code* 1906, *Sec.* 1573.

   Under Sec. 1573, Code of 1906, so providing any crime committed prior to a change in a law is prosecuted under the law as it stood before the change was made.

APPEAL from the circuit court of Forrest county.
HON. PAUL B. JOHNSON, Judge.

Edgar Britton was convicted of unlawful retailing and appeals.

The facts are fully stated in the opinion of the court.

*Currie & Currie,* for appellant.

No brief found in the record.

MAYES, C. J., delivered the opinion of the court.

At the November term of the circuit court of Forrest county, 1911, Edgar Britton was convicted of selling intoxicating liquors. The prosecution of Britton for this offense was first begun before a justice of the peace some time in March, 1911, by affidavit which charged that appellant "unlawfully and willfully sold intoxicating liquors" in violation of the laws of the state.

After appellant was convicted in the justice court, an appeal was prosecuted to the November term of the circuit court, and appellant was again convicted on this affidavit and given a sentence of two hundred and fifty dollars and ninety days in jail. The above sentence is in accord with the punishment provided by Sec. 1746, Code 1906, as amended by Ch. 115, Laws of 1908, for the offense charged against appellant, and Ch. 214 of the Laws of 1912, amending Sec. 1746 of the Laws of 1908, did not make any change in the punishment prescribed for the offense charged against appellant. From the conviction in the circuit court, an appeal was prosecuted to this court. When the case reached this court on appeal, this court dismissed it for want of prosecution, as there was neither assignment of error nor brief filed in the case.

The record appears to have been filed in this court on February 10, 1912. The order of dismissal was made on March 18, 1912. On April 4, 1912, a suggestion of error was filed in which it is contended that the court erred in dismissing the case and leaving appellant to pay the penalty imposed by the trial court, for the reason that on March 9, 1912, the legislature repealed the law under which appellant was convicted, and thus terminated the right to punish for this crime, which was committed before the repeal of the law under which he was prose-

cuted. It is also claimed that the new law changed and made more severe the penalty for a violation of the liquor laws, and is therefore an *ex post facto* law as regards this appellant.

Sec. 1746, Code 1906, as amended by Ch. 115 of the Laws of 1908, was not repealed by Ch. 214 of the Laws of 1912. The above section of the Laws of 1908 was merely amended by the Laws of 1912, but the amendment made did not affect that part of Sec. 1746 of the Code, as amended by the Laws of 1908 under which the prosecution for this offense is conducted. Sec. 1746 of the Code of 1906, as amended by Sec. 1, Laws 1908, Ch. 115, in regard to the offense charged in this affidavit, is as follows: "If any person shall sell or barter, or give away to induce trade, or keep for sale, or barter, or to be given away to induce trade, any vinous, alcoholic, malt, intoxicating or spirituous liquors, or intoxicating bitters, or other drinks, which if drunk to excess will produce intoxication, such person, and all others who may have owned or had any interest at the time in the liquors, bitters or drinks, sold or bartered, or given away to induce trade, or kept for sale or barter, or to be given away to induce trade, contrary to law, shall, on conviction, be fined not less than fifty nor more than five hundred dollars, or be imprisoned in the county jail not less than one week, or more than three months, or both."

The affidavit in this case was made under the above statute, and the prosecution is conducted under it. The only change which the amendment made in the law was to make more severe the penalty to be imposed for a second and third conviction of a violation of the liquor laws, but this appellant cannot complain of the change in any event, for he is not being prosecuted for a second or third violation, but for a first violation.

No person can be punished for a second or third violation if a severer punishment is to be imposed for a second or third violation unless the indictment or affidavit

so charges. If it does not, the court is without power to inflict the severer punishment. *Hoggett* v. *State,* 57 South. 812. If the indictment or affidavit does not charge that the offense is a second or third offense, the court will presume it to be a first offense always and inflict punishment accordingly. 10 Ency. Plead. & Prac. 489.

. But, if the above statement of the law relative to this case was different, this appellant would not have any right to complain because under Sec. 1573 of the Code of 1906 it is expressly provided, that: "No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalites, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes."

This statute is a saving clause for every statute, enacted which makes "a change of any law affecting a crime, or its punishment" unless otherwise provided in the statute making the change. Under the above statute, any crime committed prior to the enactment of any law making a change is prosecuted under the law as it stood before the change was made, and no person charged with a crime committed before the change was made is affected in any way. The effect of the above statute is to write into every law "affecting a crime or its punishment" a saving clause as effectually as if the changed statute itself contained it.

*Suggestion of errors overruled.*