## ROBINSON *v.* STATE.

[68 South. 249.]

CRIMINAL LAW. , *Indictment. Offenses. Evidence. Admissibility.*
On the trial of a defendant for violation of the law as contained in chapter 214, Laws 1912, which amended section 1746, Code 1906, as amended by chapter 115,. Acts 1908, and which provides that a person convicted of the unlawful sale of intoxicating liquors, committed after such person has been convicted and punished for two former offenses under the statute, shall be punished by imprisonment in the state penitentiary not less than one year nor more than five years, it was necessary for the indictment to charge the two former convictions and for the state to prove them.

APPEAL from the circuit court of Washington county. HON. F. E. EVERETT, Judge.

Fannie Robinson was convicted of selling intoxicating liquors, after conviction for two former similar offenses and appeals.

The facts are fully stated in the opinion of the court.

*J. C. Hanway,* for appellant.

By acts of 1912, chapter 214, page 289, the penalty for unlawful retailing for third offense was fixed at imprisonment in the state penitentiary. The indictment charged the appellant with unlawful retailing after she had been twice before convicted of unlawful retailing by courts of competent jurisdiction.

The records of two former convictions were admitted in evidence over the objection of appellant. The question for the jury to determine was whether Fannie Robinson was guilty or innocent of unlawful retailing since the date of her last conviction, and the former convictions had nothing to do with the case, except as to punishment after conviction. It was very prejudicial

to appellant to let the evidence of former convictions go to the jury, and this was fatal error.—*Webster* v. *State,* 103 Miss. 259.

It is true the court granted the following instruction to appellant: "The court instructs the jury for the defendant th'at proof of the first and second conviction does not even tend to prove the third sale, but is only offered in evidence as affecting the punishment for the third sale if otherwise proven beyond a reasonable doubt." The appellant still contends that the evidence was before the jury and prejudicial to h'er case, and that this instruction did not eliminate this evidence.

*Ross A. Collins,* Attorney-General, for the state.

Inasmuch as the only point raised in the appellant's brief relates to an alleged error in admitting to the jury the evidence of the conviction of th'e two prior sales the appellant's brief can be answered in a few words.

It is contended that these former sales should not have been admitted to the jury as they were not of the essence of the offense charged, but related only to the punishment therefor. It is difficult to understand appellant's contention in this behalf. The former convictions are a necessary part of the offense herein charged and it has been expressly held in the *Britton Case,* 58 So. 530, that the former convictions must be averred. If they must necessarily be averred it necessarily follows that they must be proven. These former convictions for different sales since the law of 1912 went into effect were admitted to the jury under a proper instruction limiting their application only to the question of proving the sale from which the instant case arises to be the third offense. This excluded the possibility of any prejudice to the appellant by reason of their admissions. I submit that the defense of appellant is absolutely without merit and that the judgment of the lower court should be affirmed.

Reed, J., delivered the opinion of the court.

Fannie Robinson was tried and convicted on an indictment charging her with unlawfully and feloniously selling intoxicating liquors after the conviction for two former offenses. She was sentenced to the penitentiary for two years.

The action of the trial court in admitting in evidence records showing two former convictions for the unlawful sale of liquor is the only assignment of error argued. The indictment against appellant was returned for violation of the law as contained in chapter 214 of the Laws of Mississippi of 1912, which amended section 1746 of the Code of 1906, as amended by chapter 115 of the Acts of 1908, and which provides that a person convicted of the unlawful sale of intoxicating liquors committed after such person has been convicted and punished for two former offenses under the statute shall be punished by imprisonment in the state penitentiary not less than one year nor more than five years. The indictment properly sets forth the two former convictions. This was necessary, for such convictions are a necessary part of the offense charged. *Hoggett* v. *State*, 101 Miss. 272, 57 So. 812; *Britton* v. *State*, 101 Miss. 584, 58 So. 530. As it was necessary to charge these former convictions, it follows therefore that it was necessary also to prove them.

*Affirmed.*