BREWSAW v. STATE.

(Division B. Dec. 11, 1933.)

[151 So. 475. No. 30855.]

F. B. Collins, of Laurel, for appellant.

Wm. **H. Maynard**, Assistant Attorney-General, for the state.

**Anderson, J.**, delivered the opinion of the court.

Appellant was indicted, tried, and convicted in the circuit court of Jones county for possessing intoxicating liquor, in violation of section 1974, Code of 1930. The indictment attempted to charge that appellant had been

twice before convicted for the same offense. He was sentenced to the penitentiary for a term of two years, and from that judgment this appeal is prosecuted.

Section 1974 of the Code of 1930 is in this language:

"If any person shall sell or barter, or give away or keep or have in his possession, except as hereinafter authorized, any vinous, alcoholic, malt, intoxicating or spirituous liquor, or intoxicating bitters or drinks, which if drunk to excess will produce intoxication, such person, and all others who may have owned or had any interest at the time in the liquors, bitters or drinks sold or bartered, or kept or in possession contrary to law, shall on conviction, be punished as follows:

"(a) By a fine of not less than one hundred dollars, nor more than five hundred dollars, or by imprisonment in the county jail not less than one week nor more than three months, or both, for the first conviction under this section.

"(b) By a fine of not less than one hundred dollars and by imprisonment in the county jail not less than sixty days, nor more than six months, for the second conviction for violating this section.

"(c) By imprisonment in the state penitentiary not less than one year nor more than five years for conviction the third time under this section for the violation thereof after having been twice convicted of its violation."

The charging part of the indictment follows: "That John Brewsaw on the 22d day of May, 1933 in the county and district aforesaid having previously been convicted by a court of competent jurisdiction twice for the unlawful possession of intoxicating liquor in the Second Judicial District of Jones county, Mississippi, did then and there, unlawfully, feloniously and wilfully have in his possession intoxicating liquor against the peace and dignity of the state of Mississippi."

Appellant demurred to the indictment. The ground

of the demurrer was that the indictment failed to properly charge that appellant had been previously twice convicted for the same offense. It will be observed that the statute provides that the first two convictions under it shall be punishable as misdemeanors, while the third conviction is punishable as a felony—not less than one nor more than five years in the state penitentiary. The indictment charges that appellant had been previously "convicted by a court of competent jurisdiction twice for the unlawful possession of intoxicating liquor in the Second Judicial District of Jones county, Mississippi." It fails to charge in what court or courts the convictions took place and when they took place, and it fails to charge that they were convictions under this statute.

Under section 26 of the Constitution, an indictment must be specific enough to inform the defendant of the nature and cause of the accusation against him so as to enable him to prepare and present his defense thereto.

Under the statute the unlawful possession alone of intoxicating liquor is not a felony; it is the third offense that constitutes the felony. The first two convictions are therefore essential elements of the felony; without them there is no felony; they are just as much a part of the felony as the unlawful possession of the liquor. Furthermore, to constitute a felony the two previous convictions must be under the same statute. The indictment, therefore, should have charged that the two previous convictions were for a violation of this particular statute, and in what court or courts they were had and when.

Robinson v. State, 109 Miss. 284, 68 So. 249; Hoggett v. State, 101 Miss. 272, 57 So. 812, and Britton v. State, 101 Miss. 584, 58 So. 530, although not directly decisive, point in the direction of what we are holding. These questions are discussed in the text, and the notes thereto, in 31 C. J., pp. 734, 735, sections 282, 283. We hold, therefore, that the indictment failed to sufficiently charge the felony, and the demurrer thereto should have been sustained.

It is argued, however, on behalf of the state that conceding the indictment failed to properly charge the felony, it was sufficient to charge a misdemeanor, and there being no conflict in the evidence as to appellant's guilt, the judgment of the trial court should be affirmed and the case remanded for proper sentence for the misdemeanor. We do not pass on the question of whether the indictment should be treated as one for a misdemeanor instead of a felony, for these reasons: The state attempted to charge and try appellant for a felony, not a misdemeanor. The appellant was therefore called on to defend the charge of felony, not the charge of a lesser offense. The charge of felony was void for the reason above stated. Appellant properly raised that question by his demurrer. He had a right to stand on that proposition and decline to introduce any defense he might have had. He took that course and introduced no evidence bearing on the issue of his guilt. If he had been called on to defend a charge of a misdemeanor, he might have seen fit to pursue a contrary course.

Reversed and remanded.