RILEY *v.* STATE.

In Banc. Dec. 13, 1948.

(37 So. (2d) 768)

Henry Mounger, Walter E. Bullock and Davis & Hammond, for appellant.

564

**R. O. Arrington**, Assistant Attorney General, for appellee.

**Smith, J.**

The appellant was convicted of the second offense of possession of intoxicating liquor, whiskey, in the circuit court of Marion County, and appealed. A search warrant had been issued a day or two before the date of the search. Under it, in the morning, two days later, whiskey was found in the possession of appellant. He plead guilty and paid a fine. In the afternoon of the same day of this final adjudication, under the same identical search warrant, the officers again searched the premises of appellant and again found whiskey in his possession.

On this second arrest, he went to trial in the court of a justice of the peace and was convicted as for a second offense, fined $350, and sentenced to jail for a period of sixty days. An appeal was taken to the circuit court, and, failing to appear when his case was called, the circuit court dismissed the appeal and ordered a writ of procedendo to the court of justice of the peace to enforce its judgment. A few days later, during the same term of the circuit court, appellant moved for the reinstatement of his appeal. He offered certain factual excuses, which we deem to be immaterial and not entitled to discussion.

However, in the motion for reinstatement of his appeal, appellant made the point that the affidavit at-

tempted to charge him with a second offense of the charge of possessing whiskey under sub-section (b) of Sec. 2613, Code 1942, but that the affidavit did not successfully so charge as required by said statute, and he was, therefore, convicted under a void charge, on which no valid judgment could be rendered, so that neither the justice of the peace court, nor the circuit court had jurisdiction. The trial judge overruled this motion, resulting, as stated, in the appeal here.

There are, therefore, presented to us two questions for decision. First, did the affidavit charge a second offense on which a conviction could be based? Second, was the evidence admissible, which was obtained by the second search? In other words, when the first search was made, and the evidence thereby obtained used to convict the defendant, did the search warrant become functus officio?

The affidavit, omitting the formal parts, reads of follows: "That on the 10th day of April, 1948, T. L. Riley was arrested in District #5 of said County and charged with unlawful possession of intoxicating liquor and that on said date he personally entered a plea of guilty to said charge in the justice court of M. E. Barber said District #5 and was sentenced by said court to pay a fine of $100.00 and costs of court, and that he paid the same, and thereafter on the same day a few hours later, in Justice District #5 of said County and State, the said T. L. Riley did for the second time and for his second offense, wilfully and unlawfully have in his possession intoxicating liquor, to-wit: whiskey, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi."

It will be seen that this affidavit does not pretend to refer specifically to the particular statute involved, which we have held to be necessary, in order validly to charge a second or third offense thereunder.

The Attorney General cites such cases as Henning v. City of Greenville, 69 Miss. 214, 12 So. 559, and Gillie

v. State, 126 Miss. 832, 89 So. 665. However, they are not in point on the facts in this case. The appellant in the case at bar actually appeared in the circuit court, and raised the point there, which we are considering here.

We have held an indictment void because it failed, in attempting to charge a third offense, to set out that the two former convictions were "convictions under this statute." We also said that the indictment "should have charged that the two previous convictions were for a violation of this particular statute." Brewsaw v. State, 168 Miss. 371, 151 So. 475, 476.

This court said in another case: "It is true that ordinarily it is not necessary for an indictment which properly sets forth the commission of a crime in language that brings it within the provisions of a statute to refer specifically to the statute, but the requirement of Sec. 2613 that the second and third convictions must be 'under this section' was held in Brewsaw v. State, supra, to require a specific reference to the statute in the indictment." Rogers v. State, 198 Miss. 495, 22 (2d) 550, 551. To the same effect is Millwood v. State, 190 Miss. 750, 1 So. (2d) 582, 583. In that case, the Court referred approvingly also to the case of Brewsaw v. State, supra. The State made the point that the case should be reversed as the felony, but remanded for sentence as a misdemeanor. But this contention the court rejected and held that there must be an entire "reversal and remand."

. There is nothing in the case of McGowan v. State, 200 Miss. 270, 25 So. (2d) 131, 26 So. (2d) 70, inconsistent with the cases above mentioned, which, in fact, are cited therein. There were involved a sale and possession, separate types of cognate offenses. Our decision was correct. The opinion of the court there, however, contains nothing in the way of decision which could be construed as disavowing the rationale of the cited cases.

Therefore, we must reverse and remand the case for a new trial, as ██ █ the affidavit is void and the judgment thereon had no validity, in view of the doctrine an-

nounced in the cases hereinabove set forth to the effect that the affidavit must make specific reference to this particular statute when charging a second offense. The trial court should have set aside the judgment dismissing the appeal and ordering the writ of procendo, permitted amendment of the affidavit, and held appellant to trial on a proper affidavit. He is to be held under his present bond for that purpose.

This brings us to the second question. ██ Was the search warrant lawfully available to the officers for further and other searches of the premises of defendant after the search had been completed, evidence obtained, the defendant arrested, plead guilty, and paid his fine? We think not. The power of the search warrant had become exhausted. It had served its purpose, and the case was closed here finally by the payment of the fine and costs. The search warrant was functus officio under such circumstances. This term has been defined as applied to something which once had life and power but which has become of no virtue whatever. The term is applied to an instrument, power, or agency, which has fulfilled the purpose of its creation, and is therefore of no further virtue or effect. Hill v. 1550 Hinnman Ave. Bldg. Corp., 282 Ill. App. 109. In 37 C. J. S., Functus Officio, page 1401, it is also said that, literally, functus officio means "having discharged its duty," having fulfilled its function, discharged its office, or accomplished its purpose, and become, therefore, of no further force or authority. In view of the facts detailed, and of the law cited, we are of the opinion that the evidence obtained by the second search, under the original search warrant, was inadmissible against the appellant, and on trial, after remand, cannot be used against him.

The judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.