## BARNES *v.* STATE.

No. 41722        December 12, 1960        125 So. 2d 293

*Earle L. Wingo, R. L. Calhoun,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

The appellant was convicted on a charge of a third offense of possessing liquor and was sentenced to serve a term of four years in the state penitentiary, and his bail bond for appeal was fixed in the amount of $3,000. The indictment was evidently drawn under Section 2613 of the 1942 Code but it does not mention the said code section or refer in any manner to the statute involved.

■■ ■ The appellant, through his counsel, specifically raised the question that the affidavit does not refer particularly to the statute involved, which has been held to be necessary, in order to validly charge a third offense thereunder.

In Riley v. State, 204 Miss. 562, 37 So. 2d 768, it was held that the affidavit charging a second offense under said code section must make specific and express reference to that statute, otherwise it will not support a judgment of conviction. We adhere to what was said in the opinion in that case, and we refer also to the authorities therein cited.

■■ ■ On the trial of this case counsel for appellant raised this point and did not in any manner waive it but was very careful to preserve it throughout the trial. The attorney general says in his brief that by failing to demur, he waived the point, and cites Crosby v. State, 191 Miss. 173, 2 So. 2d 813, and says that the rule there announced should apply in the case at bar, but as we see it there is a vast difference between this case and the Crosby case, and in our opinion under the Crosby case the appellant is not barred from raising the question here. As we have stated, counsel for appellant was very careful to preserve the point under consideration and did not do anything in the trial which could be constituted a waiver.

For the reasons which we have given, the judgment of the lower court must be reversed and the cause re-

manded for further proceedings consistent with this opinion.

Reversed and remanded.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.