269 So.2d 645 (1972)
George McGOWAN
v.
STATE of Mississippi.
No. 46952.
Supreme Court of Mississippi.
November 27, 1972.
W.S. Moore, Charles O. Jones, Jackson, for appellant.
A.F. Summer, Atty. Gen., by J.B. Garretty, Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice.
This is an appeal from the Circuit Court of Jefferson Davis County wherein George McGowan was convicted of selling intoxicating liquor, third offense, in violation of Mississippi Code 1942 Annotated section 2613 (1956). From this verdict and a sentence of four years in the state penitentiary, three of which were suspended, he appeals.
*646 The primary issue before this Court is whether the indictment properly charged the defendant with a violation of Section 2613, as a third offender. The indictment complained of is as follows:
... did wilfully, unlawfully, and feloniously sell certain intoxicating liquor, to-wit: Whiskey, to Bill McKinney, he, the said George McGowan, having previously been convicted of the unlawful possession of intoxicating liquor first offense on November 7, 1970, in the Justice of the Peace Court of Beat One of said County, and having previously been convicted of the unlawful sale of intoxicating liquor to Nolan Jackson in said County, being a second offense, on January 21, 1971, in Cause No. 3065 on the docket of the Circuit Court of said County, said wilful, unlawful and felonious sale to Bill McKinney being a third offense as prohibited by Section 2613 of Mississippi Code of 1942... . (Emphasis added.)
Similar indictments have been before this Court on several occasions. The difficulties in drawing a proper indictment under Section 2613 are occasioned by the unusual terms of the statute. It provides by gradient subsections (a), (b) and (c) to impose a more severe punishment for subsequent convictions than for the first. A conviction under subsection (a) of the statute is a misdemeanor; a conviction under subsection (b) of the statute is also a misdemeanor, but permits greater punishment than (a); however, a third conviction under subsection (c) of the statute is a felony punishable by a term in the penitentiary. Section 2613 is as follows:
If any person shall sell or barter, or give away or keep or have in his possession, except as hereinafter authorized, any vinous, alcoholic, malt, intoxicating or spirituous liquor, or intoxicating bitters or drinks, which if drunk to excess will produce intoxication, such person, and all others who may have owned or had any interest at the time in the liquors, bitters or drinks sold or bartered, or kept or in possession contrary to law, shall on conviction, be punished as follows:
(a) By a fine of not less than one hundred dollars, nor more than five hundred dollars, or by imprisonment in the county jail not less than one week nor more than three months, or both, for the first conviction under this section.

(b) By a fine of not less than one hundred dollars and by imprisonment in the county jail not less than sixty days, nor more than six months, for the second conviction for violating this section.

(c) By imprisonment in the state penitentiary not less than one year nor more than five years for conviction the third time under this section for the violation thereof after having been twice convicted of its violation. (Emphasis added.)
In comparing the charge in the indictment for a first offense, "having previously been convicted of the unlawful possession of intoxicating liquor first offense on November 7, 1970, in the Justice of the Peace Court of Beat One of said County," with subsection (a) of the statute, it is noted that the indictment does not charge that the first conviction was "under this section" as provided by the terms of the statute.
In comparing the charge in the indictment relating to a second conviction which appears as "and having previously been convicted of the unlawful sale of intoxicating liquor to Nolan Jackson in said County, being a second offense, on January 21, 1971, in Cause No. 3065 on the docket of the Circuit Court of said County," it is again noted that the indictment does not charge the conviction to have been "for the second conviction for violating this section" as expressed in subsection (b) thereof. The only reference to the section is found in the conclusion of the indictment wherein it charges "said wilful, unlawful and felonious sale to *647 Bill McKinney being a third offense as prohibited by Section 2613 of Mississippi Code of 1942... ."
In determining whether an indictment correctly charged a felony under subsection (c) of this statute, the rule of law was established in Brewsaw v. State, 168 Miss. 371, 151 So. 475 (1933), also on demurrer on the ground that it improperly charged the previous two convictions, we held:
Under section 26 of the Constitution, an indictment must be specific enough to inform the defendant of the nature and cause of the accusation against him so as to enable him to prepare and present his defense thereto.
Under the statute the unlawful possession alone of intoxicating liquor is not a felony; it is the third offense that constitutes the felony. The first two convictions are therefore essential elements of the felony; without them there is no felony; they are just as much a part of the felony as the unlawful possession of the liquor. Furthermore, to constitute a felony the two previous convictions must be under the same statute. The indictment, therefore, should have charged that the two previous convictions were for a violation of this particular statute, and in what court or courts they were had and when.
... We hold, therefore, that the indicment failed to sufficiently charge the felony, and the demurrer thereto should have been sustained. (168 Miss. at 375, 151 So. at 476)
In Millwood v. State, 190 Miss. 750, 1 So.2d 582 (1941), Justice Griffith, speaking for this Court, expounded upon the rule:
And under the reasoning set forth in Brewsaw v. State, 168 Miss. 371, 151 So. 475, when the procedure seeks to hold the accused as a second offender it must be charged in the affidavit or indictment and shown by the proof that previously to the commission of the offense then being prosecuted, the accused had been convicted of a first offense under the statute; and when the accused is being prosecuted for a felony or third offense, the indictment must charge and the proof must show (1) that the accused had been convicted of a first offense, and (2) that after being convicted of the first offense he committed the second offense and was convicted for it as such, and (3) after the successive offenses and convictions in the order aforesaid, he committed the third or felonious offense.
Neither the indictment nor the proof in this case, which is a prosecution as for felony, measures up to the requirements set forth in the foregoing paragraph, and a reversal would follow as a matter of course... .
(190 Miss. at 755-756, 1 So. at 583)
The rule thus announced in construction of the statute instead of settling the law, seemed to aggravate it since it reappeared in Rogers v. State, 198 Miss. 495, 22 So.2d 550 (1945), wherein we stated once again:
The appellant's complaint is that the indictment .. . does not sufficiently set forth an offense under paragraph (c) of Section 2613, Code of 1942, for which he was tried and convicted. Specifically the indictment fails to allege (1) that the crime charged is that provided by Section 2613, Code of 1942; (2) that the appellant's second conviction was on a charge of having intoxicating liquor in his possession after a former conviction; (3) under Section 2613, Code of 1942.
The first of these complaints is ruled by Brewsaw v. State, 168 Miss. 371, 151 So. 475. It is true that ordinarily it is not necessary for an indictment which properly sets forth the commission of a crime in language that brings it within the provisions of a statute to refer specifically to the statute, but the requirement of Section 2613 that the second and third convictions must be "under this section" was held in Brewsaw v. State, supra, to require a specific reference to *648 the statute in the indictment. (Emphasis added.) (198 Miss. at 497-498, 22 So.2d at 550-551.)
The rule of law having been "tidied up" by three solid decisions, nevertheless refused repose. Its resurgence appears in McGowan v. State, 200 Miss. 270, 25 So.2d 131, 26 So.2d 70 (1946). We there held that an indictment under subsection (b), second offense, of the act which referred to the section number was sufficient even though the charge in the indictment relating to the first offenses, one in 1939 and another in 1944, did not specify these convictions to have been under Section 2613. The decision noted the three cases hereinabove cited, but pushed them aside for the moment and established the "modicum of comprehension" rule. We stated:
The three cases above cited have in common the requirement that subsequent offenders be proceeded against as such. To this end, it must be alleged that they have repeatedly violated the same section. Since we have but one such section, and since the indictment alleges in substance that the defendant possessed liquor in violation of Section 2613, and that this was the second time such offense had been committed and that he had been theretofore convicted in the Circuit Court of Jefferson Davis County, Mississippi, on definite dates, no defendant with a modicum of comprehension could fail to be adequately informed of the nature and cause of the accusation against him. (200 Miss. at 279, 25 So.2d at 133)
Chief Justice Smith, Justices L.A. Smith, Sr. and Roberds dissented from this opinion by expressing their belief that Brewsaw, Millwood and Rogers, supra, were controlling. Outvoted, the Chief Justice nevertheless formulated in a footnote to his dissenting opinion a proper form for indictment under the statute, evidently hoping that this would attract the eye of attorneys and accomplish that which the opinions had failed to do, namely, establish a proper indictment under the section. This was necessitated by the opinion holding to the contrary of, but not reversing, the previous decisions of Brewsaw, Millwood and Rogers, supra, leaving their status in limbo by these words: "The lines with which we have heretofore bound this statute are too taut to be subjected to further strain." McGowan, supra. (200 Miss. at 279, 25 So.2d at 133).
Somewhat later in Riley v. State, 204 Miss. 562, 37 So.2d 768 (1948), the Court again acknowledged that it ordinarily is not necessary for an indictment which properly sets forth the commission of a crime in language that brings it within the provisions of the statute to refer specifically to the statute, but noted that indictment under Section 2613 was an exception and required this reference, citing Brewsaw and Rogers, supra. It further held that nothing stated in McGowan, supra, was inconsistent with the former cases, stating:
There is nothing in the case of McGowan v. State .. . inconsistent with the cases above mentioned, which, in fact, are cited therein. There were involved a sale and possession, separate types of cognate offenses. Our decision was correct. The opinion of the Court there, however, contains nothing in the way of decision which could be construed as disavowing the rationale of the cited cases.
Therefore, we must reverse and remand the case for a new trial, as the affidavit is void and the judgment thereon had no validity, in view of the doctrine announced in the cases hereinabove set forth to the effect that the affidavit must make specific reference to this particular statute when charging a second offense... . (204 Miss. at 566-567, 37 So.2d at 769).
Later, in Miles v. State, 51 So.2d 214 (Miss. 1951), a conviction under Section 2613 was affirmed. The indictment charged that the first offense was in violation of Section 2613. It charged that the second offense was in violation of Section 2613 and that the third violation was under Section *649 2613. It evoked this language by the Court:
... Moreover, the accused must be charged as a second or third offender and all the offenses must be alleged to have been under Section 2613... . (51 So.2d at 215).
The rule of law now having survived McGowan, supra, and having been reacclaimed by Riley and Miles, supra, remained dormant until the case of White v. State, 214 Miss. 235, 58 So.2d 510 (1952), wherein we again determined the same question as follows:
The indictment does not properly charge a second or third offense as such. This is necessary. It is not enough that the accused may have been theretofore convicted of the possession of liquors; he must be charged and convicted as a second and third offender. The indictment here recites merely former convictions as for the first offenses. A past history of successive offenses is not a proper part of a charge of mere possession, even though it may be a relevant consideration in the mind of the judge in fixing a proper sentence. So long as succeeding violations under this section are charged merely as repeated occasions and not as repeated offenses, these former incidents are but surplusage. One may be convicted a score of times and yet be punishable only under paragraph (a) of the Act. To be convicted as a second offender under paragraph (b), or as a third offender under (c), he must be charged as such. These distinctions are saved from any confusing subleties by underlining the fact that each paragraph is a separate crime, with a separate penalty. The indictment states merely that after the first offense, the appellant was again convicted of the same offense. If it is the same offense, it remains under paragraph (a)... . (Citations omitted) 214 Miss. at 239, 58 So.2d at 511)
Finally, this line of cases, until the present, culminated in Barnes v. State, 239 Miss. 756, 125 So.2d 293 (1960), with reference to an indictment evidently drawn under Section 2613, wherein we stated:
In Riley v. State, 204 Miss. 562, 37 So.2d 768, it was held that the affidavit charging a second offense under said code section must make specific and express reference to that statute, otherwise it will not support a judgment of conviction. We adhere to what was said in the opinion in that case, and we refer also to the authorities therein cited. (239 Miss. at 758, 125 So.2d at 293).
From these authorities we are of the opinion that a proper indictment must make specific and express reference to the statute. Otherwise it will not support a judgment of conviction. The indictment before us does not specifically refer to the section in either its first or second charge. We are of the opinion therefore that the demurrer to the indictment should have been sustained and since it was not, the trial court erred and the cause must be reversed and remanded to the Circuit Court of Jefferson Davis County to await the further action of the grand jury.
Since we are of the opinion the indictment was invalid, requiring a reversal, we do not reach the question relating to the sufficiency of the evidence presented by the State in support of a first conviction other than to state that the best evidence of a previous conviction is the judgment of conviction. Brown v. State, 222 Miss. 863, 77 So.2d 694 (1955).
Reversed and remanded.
All Justices concur except SUGG, J., and GILLESPIE, C.J., and ROBERTSON, J., who dissent.
BROOM, J., took no part.
SUGG, Justice (dissenting):
With deference, I dissent from the majority opinion in this case because the indictment *650 shows clearly that appellant was convicted on November 7, 1970 in the Justice of the Peace Court of District No. 1 of Jefferson Davis County, Mississippi as a "first offense;" that appellant was convicted on January 21, 1971 in the Circuit Court of Jefferson Davis County, "being a second offense," and that he was charged with the unlawful and felonious sale of intoxicating liquor, `being a third offense," as prohibited by Section 2613 of Mississippi Code 1942 Annotated (1956).
The indictment clearly and succinctly charges the essential elements of the offense without unnecessary redundancy or prolixity.
In Westmoreland v. State, 246 So.2d 487 (Miss. 1971), this Court stated:
An indictment, of course, constitutes the "pleading" in a criminal case. Its office is to apprise the defendant of the charge against him in fair and intelligible language (1) in order that he may be able to prepare his defense, and (2) the charge must be laid with sufficient particularity of detail that it may form the basis of a plea of former jeopardy in any subsequent proceedings. There is, however, a trend away from the unnecessary redundancy and prolixity of former times. (246 So.2d at 489.)
This Court in McGowan v. State, 200 Miss. 270, 25 So.2d 131, 26 So.2d 70 (1946) stated:
The lines with which we have heretofore bound this statute are too taut to be subjected to further strain. (200 Miss. at 279, 25 So.2d at 133.)
The indictment specifically refers to Section 2613 Mississippi Code 1942 Annotated (1956), such reference being sufficient to charge the first and second offenses as having been committed under the statute.
GILLESPIE, C.J., and ROBERTSON, J., join in this dissent.