277 So.2d 435 (1973)
Stephen J. McNEELY
v.
STATE of Mississippi.
No. 47332.
Supreme Court of Mississippi.
May 7, 1973.
Rehearing Denied June 12, 1973.
Floyd & Floyd, Gulfport, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
This is an appeal by Stephen J. McNeely from a conviction in the Circuit Court of the First Judicial District of Harrison County of the unlawful possession of "methedrine," a substance subject to the provisions of the Uniform Controlled Substances *436 Act. For this violation he was sentenced to serve six months in jail and to pay a fine of $500.
The appellant presently contends as he did in the court below that probable cause did not exist for his arrest and that the "methedrine" pills disclosed by the search of his person should have been suppressed from evidence or, alternatively, that if probable cause existed for his arrest, it had expiated itself at the time of the search and therefore the items disclosed by it were not admissible in evidence.
The evidence on the motion to suppress discloses the following relating to the arrest and search. On the night of February 12, 1972, Officer McQueen of the Gulfport Police Department received information that the appellant was near the Mid City Bowling Lanes with a sawed-off shotgun and had stated, "I am going to get me a narc." Acting upon this information this officer and others went to the designated area, but failed to locate the appellant. The next night Officer McQueen again received a call from an unidentified person conveying the same information. He again, with others, went to the area and found the appellant within the Mid City Bowling Lanes. Though engaged in no unlawful activity, he was immediately ordered to place his hands against the wall and was "frisked" by Detective Woodcock while Officer McQueen concurrently related the Miranda warnings to him. The "frisk" yielded two 12-gauge shotgun shells.
In response to questions of Woodcock, subsequent to the warnings, the appellant told the officers that he had a shotgun in his car. Upon investigation the gun was observed lying between the front seats of the automobile with its breach open. Thereupon Woodcock arrested the appellant for "convicted felon carrying a firearm. It is a violation of subsection (d), 2079, Mississippi Code of 1942, annotated as amended." He was then transported to the Gulfport Police Department and "booked." The barrel of the shotgun was measured and found to be 18 1/4 inches in length. Although the barrel was 1/4-inch longer than the prohibitions set forth in Mississippi Code 1942 Annotated section 2079 (Supp. 1972) and would escape classification as a concealed weapon, the appellant was nevertheless not released from custody since both Detectives McQueen and Woodcock believed that it was a violation of the law for a convicted felon to carry any type of firearm. The appellant was then removed to the Harrison County Jail where he was again searched prior to being incarcerated and there was removed from his pocket a $5 bill to which five "methedrine" pills were attached. Possession of this contraband was the basis for the appellant's conviction.
The court in overruling the motion to suppress dictated into the record its findings of fact and conclusions of law which reveal in part the following:
... This Court finds that the search which produced the 5-dollar bill and the packages of methedrine was not incident to nor necessarily related to the arrest.
The only remaining question is whether in the intermediate time between the arrest and the search there was anything to indicate bad faith on the part of the officers in holding the defendant and, indeed, placing him in jail, which necessitated the search. Officer Woodcock testified that it was his belief that it was against the law for any convicted felon to carry any type of concealed weapon, or to carry any type weapon, regardless of whether it was concealed or not. The Court believes that in the absence of any evidence to the contrary, this is sufficient to establish the good faith and reasonableness of the officers in holding the defendant and placing him in jail, and would not vitiate or invalidate the search that was made of the defendant at the jail.
*437 The arrest for "convicted felon carrying a firearm" doubtless referred to an arrest within the dictates of Mississippi Code 1942 Annotated section 2079 (Supp. 1972). Whether probable cause existed at the time of the arrest must therefore be considered in conjunction with this statute. It is in part as follows:
Any person who carries concealed, in whole or in part, any bowie-knife, dirk-knife, butcher knife, switchblade knife, metallic knuckles, blackjack, slingshot, pistol, revolver, or any rifle with a barrel of less than sixteen (16) inches in length, or any shotgun with a barrel of less then eighteen (18) inches in length ... shall upon conviction be punished as follows:
* * * * * *
The possession of any deadly weapon as hereinabove described by any person who has been convicted of a felony under the laws of this state, any other state, or of the United States, shall be prima facie evidence of a violation of this section.
There is no contention made by the State that the appellant was carrying a concealed weapon, but rather it is contended that the mere possession of a firearm by an ex-convict constitutes a violation of the section which indeed it would if the barrel of the weapon fell within the prohibitions of the statute. The barrel length in this instance, however, was determined by measurement not to be within such prohibition. The issue then is, would the good faith belief by the arresting officers that possession by an ex-convict of any weapon, whether within the ambit of the statute or not, suffice for the detention of the appellant and subject him to a subsequent search at the time he was placed in jail? We think not.
It is fundamental that all persons are presumed to know the law and we have held that law enforcing officers have no immunity from this presumption. In United States Fidelity & Guaranty Company v. State, To Use of Hardy, 121 Miss. 369, 83 So. 610 (1919), we held that a city marshal is presumed to know the law relating to searches and seizures. Aside from this presumption it is apparent that the arresting officer in the present case actually knew the law since he testified that the arrest was for "convicted felon carrying a firearm" and followed this statement with the precise section and subsection of the Code relating to the possession of a prohibited weapon by a person who had been convicted of a felony. This knowledge, though not necessary to the opinion, was enhanced by the fact that the officers immediately upon returning with the appellant to the police department measured the barrel of the weapon and determined to a mathematical certainty that it was not within the language of the section.
Conceding, as we must, that probable cause for an arrest is sufficient to overcome the constitutional prohibitions, both federal and state, against unreasonable searches, nevertheless when the probability is overcome by irrefutable evidence, the limited license to search afforded by the probability is extinguished and the constitutional right against unreasonable search is reinstated. Any search thereafter, though based on an honest but mistaken belief of the law, would be unreasonable since mere belief is not the equivalent of probable cause.
In Sirimarco v. United States, 315 F.2d 699 (10th Cir.1963), though a federal case somewhat dissimilar to the present, we find language which we think appropriate to the honest belief or good faith of the arresting officers. There it is stated:
The legality of a search cannot be balanced against the good faith of the searcher or the extent or correctness of his legal knowledge. An unlawful search, though made in the honest belief of right, remains unlawful and its fruits remain forbidden.... (315 F.2d at 702)
*438 We do not think it necessary to expound upon this point except to say that subjective beliefs of right, wrong, good faith or lack of good faith are not susceptible of definitive standards and would tend to confuse that which at best is most confusing as evidenced by the innumerable cases, law journal articles and legal treatises upon what constitutes "probable cause" for an arrest. The probable cause factor must be evaluated by the officer making the arrest by the facts and circumstances existing at the time of the arrest and it may not be later strengthened by what the search revealed.
We are of the opinion that the probable cause for arrest having terminated when the gun barrel was measured and found to be lawful, the subsequent discovery of the contraband was the result of an illegal search and it would not be retroactive to strengthen in any way the factors indicative of probable cause existing at the time of the arrest. Moreover, the existence of probable cause is a judicial function to be determined by evidentiary facts and not by the arresting officer's beliefs. Canning v. State, 226 So.2d 747 (Miss. 1969); Mapp v. State, 148 Miss. 739, 114 So. 825 (1927); and King v. State, 147 Miss. 31, 113 So. 173 (1927).
We believe the case of Riley v. State, 204 Miss. 562, 37 So.2d 768 (1948), though relating to a search where there was a warrant, by analogy has some benefit to the present situation. We there stated:
This brings us to the second question. Was the search warrant lawfully available to the officers for further and other searches of the premises of defendant after the search had been completed, evidence obtained, the defendant arrested, plead guilty, and paid his fine? We think not. The power of the search warrant had become exhausted. It had served its purpose, and the case was closed here finally by the payment of the fine and costs... . (204 Miss. at 567, 37 So.2d at 769).
The probable cause for arrest had served its purpose and had become exhausted. It was not efficacious to support a later search. The motion to suppress should have been sustained and the defendant discharged.
Reversed and the appellant is hereby discharged.
GILLESPIE, C.J., and INZER, ROBERTSON and WALKER, JJ., concur.