KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 23. I agree that we should reverse the trial judge’s denial of post-conviction relief. However, because the statute is irreparably vague under any application, I would grant Fulgham’s petition for post-conviction relief and reverse her conviction on the count she challenges. Fulgham presents a question of law that can and should be decided by this Court; therefore, I respectfully concur in part and dissent in part.
¶ 24. It is true that the United States Supreme Court has said that “vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.” U.S. v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975). However, when a statute is so vague that it provides no standard at all, the defendant’s conduct, in the absence of a clearly defined and understandable standard, is immaterial. U.S. v. Williams, 553 U.S. 285, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008). Thus, an as-applied analysis is unnecessary, because “[i]f on its face the challenged provision is repugnant to the due process clause, specification of details of the offense intended to be charged would not serve to validate it.” Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888 (1939) (citations omitted).
¶ 25. The Mississippi statute under which Fulgham was prosecuted, Mississippi Code Section 47-5-193 (Rev.2004), fails to comply with due process requirements. See U.S. Const, amend. XIV; Miss. Const. art. 3, § 14. The phrase in question, “unauthorized electronic device,” is so inherently indeterminate that it provides neither minimum standards of enforcement nor “definite warning as to the proscribed conduct.” Nichols v. City of Gulfport, 589 So.2d 1280, 1282 (Miss.1991) (citations omitted). Hundreds of thousands of products can be described as “electronic devices,” and in this instance the term is statutorily limited only by the adjective “unauthorized.” The question that logically follows is, of course, “Unauthorized by whom?” The statute leaves the courts, and worse, the public, to wonder who is vested with the authority to declare a device “unauthorized.” An “offender confined in this state” may be subject to a plethora of authorities, including the courts, the legislature, local governments, the Mississippi Department of Corrections, sheriffs, and private correctional enterprises, to name some of them. In addition, federal prisoners may be temporarily confined in Mississippi jails, and some of our correctional facilities are run by private entities. Without specific legislative guidance, this Court cannot divine under whose authority an inmate’s possession of these nondescript and multitudinous devices is regulated, and “[w]e are not about the business of legislating.” Champluvier v. State, 942 So.2d 145, 154 (Miss.2006). The extremely broad term “electronic devices” can encompass everything from a secondhand toaster to the Hubble Space Telescope. Surely our legislature can be more specific. So can we. But that is not our province; it is the legislature’s. See Miss. Const, art. 1, §§ 1, 2 (providing for separation of governmental powers).
¶ 26. The plurality holds that “the only reasonable interpretation is that the entity having custody of the inmate determines what is ‘unauthorized.’ ” Plur. Op. n. 34. However, even if the statute could be read *706 to mean that the Oktibbeha County Sheriffs Department and/or the Mississippi Department of Corrections have been given the authority to define criminal conduct, this would constitute an unconstitutional delegation of legislative authority. “[T]he authority to define crimes and provide the punishment therefor is vested exclusively in the Legislature, and it may not delegate that power expressly or by implication nor may an administrative agency enlarge the criminal liability of the statute.” State v. Russell, 358 So.2d 409, 411-12 (Miss.1978) (citing Howell v. State, 300 So.2d 774 (Miss.1974)). See also Miss. Const. art. 4, § 33 (vesting legislative power in the legislature); Miss. Const. art. 1, §§ 1-2 (providing separation of powers). The Oktib-beha County Sheriffs Department is part of the executive branch of government, which constitutionally cannot define state crimes.
¶ 27. Undeniably, it is appropriate that the duly elected or appointed authorities who operate prisons and jails be permitted to promulgate and enforce reasonable restrictions — consistent with applicable law and considerations of safety, security, hygiene, and health — upon the kinds of things that cannot be possessed by incarcerated persons, or provided to them by others. What those authorities cannot do, however, is make it a crime for an incarcerated person to possess a particular thing, or for another person to make such a thing available to an incarcerated person. To confer upon a sheriff or other peace officer, or upon a state corrections official, or any other person or group, the power to criminalize the possession or provision of a certain thing, or kind of thing, by allowing him or them to designate that thing as unauthorized, is, without question, an unconstitutional delegation of a power that belongs solely to the legislature. The time-honored constitutional doctrine of separation of powers clearly proscribes such a delegation of authority. Miss. Const, art. 1, §§ 1-2.
¶ 28. The plurality remands for an evi-dentiary hearing, but there can be no extrinsic evidence that would, or can, cure the statutory defect. Our concern is with the language of the statute in issue, Mississippi Code Section 47-5-193 (Rev.2004). “[T]he test is whether the language [of the statute in question] conveys sufficiently definite warning as to the proscribed conduct,” Jordan v. De George, 841 U.S. 223, 231, 71 S.Ct. 703, 95 L.Ed. 886 (1951) (emphasis added), not whether some extrinsic source could have provided sufficient notice to satisfy due process of law. Fulgham is presumed to be on notice of the language of the statute, not the rules and regulations governing certain correctional facilities. See McNeely v. State, 277 So.2d 435, 437 (Miss.1973) (“all persons are presumed to know the law”). Therefore, even if the State were to produce some document from the Oktibbeha County Sheriffs Department which prohibited cell phones and chargers, it could not serve to fill in the gaps left by the legislature or provide law enforcement authorities with “definite standards to avoid arbitrary enforcement.” Plur. Op. at ¶ 1.
¶ 29. Notably, although of no consequence to the resolution of the present case, in 2006 and 2008 the legislature amended Section 47-5-193 specifically to add to that statute’s list of forbidden items, inter alia, the very kinds of things the prosecution contended in this case came under the umbrella of “unauthorized electronic device[s]” at the time of the alleged offense, which predated either of the amendments. In addition to unauthorized electronic devices, which remain statutorily undefined in Mississippi, the amended code section specifies “... cell phone, or any of its components or acces *707 sories to include ... chargers.... ” Miss. Code Ann. § 47-5-193 (Supp.2010).
¶ 30. The version of the statute in effect at the time alleged in the indictment— August 16, 2004 — did not include the words cell phone or charger. What the statute did provide at that time, in pertinent part, was:
It is unlawful for any ... person to furnish, attempt to furnish, or assist in furnishing to any offender confined in this state any ... unauthorized electronic device....
Miss.Code Ann. § 47-5-193 (Rev.2004). The charge laid against Fulgham in the indictment, in pertinent part, avers that she:
did unlawfully, wilfully, and feloniously, furnish to an inmate of the Oktibbeha County jail an unauthorized electronic device, to-wit: a cellular telephone and charger, contrary to the form of the statutes in such cases made and provided....
¶ 31. Mississippi Code Section 47-5-193 is cited in the caption at the top of the indictment, but not in the formal, charging portion of the document returned by the grand jury. The indictment improperly exceeds the language of the statute by elaborating, as the statute did not do at that time — and, strictly speaking, does not do now — that the term unauthorized electronic device can mean “a cellular telephone and charger.” Significantly, a literal construction of the statute in its present form reveals that the legislature has made a distinction between unauthorized electronic device and cell phone and chargers. Miss.Code Ann. § 47-5-193 (Supp.2010).
¶ 32. If the amendments to the statute had been enacted and had taken effect prior to August 16, 2004, the indictment returned against Fulgham on July 25, 2005, could be read to have sufficiently charged her with having unlawfully furnished statutorily prohibited articles to an inmate of the Oktibbeha County jail. The drafter of the indictment attempted to supply what the legislature had omitted from its original enactment, but did provide by means of its 2006 and 2008 amendments: specificity with regard to exactly what kinds of things cannot lawfully be taken into certain places of imprisonment. But, alas, neither drafters of indictments nor appellate courts possess the constitutional authority to fill in the gaps in statutes that are hopelessly afflicted by unconstitutional vagueness. That is a legislative function, not a prosecutorial function and not a judicial one. The Mississippi Legislature rightly undertook that function by its remedial amendments of Section 47-5-193 in 2006 and 2008. Though the statute stood in need of repair on August 16, 2004, the date of Fulgham’s alleged violation of it, and though the drafter of the indictment presciently foresaw what the legislature later would determine the statute ought to say, from a constitutional standpoint it was hopelessly vague when the State sought to invoke it against Fulgham.
¶33. Finally, from the plain language of the statute, it is questionable whether it even applies to Fulgham’s alleged conduct. Fulgham was indicted for “furnishing] to an inmate of the Oktibbeha County jail an unauthorized electronic device.” (Emphasis added.) The statute clearly requires that the recipient be “any offender confined in this state.” Miss.Code Ann. § 47-5-193 (emphasis added). An offender is defined as “any person convicted of a crime or offense under the laws and ordinances of the state and its political subdivisions.” Miss.Code Ann. § 47-5-4(c) (Rev. 2004) (emphasis added). And, though not specifically applicable to Section 47-5-193, the code elsewhere defines an inmate as “any person incarcerated within any state correctional facility.” Miss.Code Ann. *708 § 47-5-539(c) (Rev.2004). Likewise, Mississippi Code Section 47-5-703(a) (Rev. 2004) defines an inmate as
[E]very person who at the time of the declaration of a prison system overcrowding state of emergency, or at any time during the continuation of a state of emergency, is incarcerated by the Mississippi Department of Corrections as a result of a commitment to the department, including persons committed to the department and incarcerated in local or county jails or other facilities authorized to house state inmates.
Moreover, the Interstate Corrections Compact defines an inmate as “a male or female offender who is committed, under sentence to or confined in, a penal or correctional institution.” Miss.Code Ann. § 47-5-1351(d) (Supp.2010).
¶ 34. Clearly, there is a significant distinction between an inmate and an offender, and the person to whom Fulg-ham allegedly furnished the “unauthorized electronic devices” may not have been an “offender.” Many people who have not been convicted of a crime may be incarcerated in a county jail, e.g., detainees awaiting trial, persons awaiting a civil commitment hearing, and persons incarcerated for civil contempt. Thus, on remand, the trial court should also determine whether the person to whom Fulgham furnished the cell phone and charger was an “offender,” as defined by Mississippi Code Section 47-5-4.
¶ 35. Yet, as explained above, no evi-dentiary hearing could possibly save this conviction. The phrase “unauthorized electronic device” is so ambiguous that it cannot be said clearly to define criminal conduct. Because due process of law requires that portion of the statute in question be declared void for its vagueness, I would reverse and render.