ROGERS *v.* STATE.

(In Banc. June 11, 1945.)

[22 So. (2d) 550. No. 35892.]

**S. C. Mims, Jr.,** and **W. B. Nicols,** both of Grenada, for appellant.

**Cowles Horton,** of Grenada, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was indicted, convicted and sentenced to serve a term in the penitentiary for having had intoxicating liquor in his possession after having been previously twice convicted for the same offense.

The appellant's complaint is that the indictment (the charging part of which the reporter will set out in full),[1]

---

[1]"That James Rogers, late of the County aforesaid, on the 28th day of August in the year of our Lord, 1943, in the County and State aforesaid, and within the jurisdiction of this Court, wilfully and unlawfully did have in his possession and under his control intoxicating liquor, to wit, whiskey, and thereafter, on the 30th day of August, 1943, the said James Rogers was duly and legally convicted in the Justice of the Peace Court of M. McKibben of District number one, Grenada County, Mississippi, of the said offense of possessing intoxicating liquors, which judgment of conviction being a final conviction, is of record at Page 317 of Docket No. 4 of the said M. McKibben, Justice of the Peace; and Thereafter, on the 2nd day of March, 1944, in said Grenada County, Mississippi, the said James Rogers did wilfully and unlawfully have in his possession and under his control intoxicating liquors and on (the) 2nd day of March, 1944, as appears of record at Page 30 of Docket No. 5 of the said McKibben, Justice of the Peace of District number one, Grenada County, Mississippi, in said court of the said Justice of the Peace, James Rogers was duly and legally convicted of the said offense of unlawfully possessing intoxicating liquors, to wit, whiskey, which said judgment is a final judgment of conviction; and Thereafter, on the 10th day of January, 1945, in Grenada County, Mississippi, and within the jurisdiction of this Court, the said James Rogers wilfully, unlawfully and feloni-

does not sufficiently set forth an offense under paragraph (c) of Section 2613, Code of 1942, for which he was tried and convicted. Specifically the indictment fails to allege (1) that the crime charged is that provided by Section 2613, Code of 1942; (2) that the appellant's second conviction was on a charge of having intoxicating liquor in his possession *after* a former conviction; (3) under Section 2613, Code of 1942.

The first of these complaints is ruled by Brewsaw v. State, 168 Miss. 371, 151 So. 475. It is true that ordinarily it is not necessary for an indictment which properly sets forth the commission of a crime in language that brings it within the provisions of a statute to refer specifically to the statute, but the requirement of Section 2613 that the second and third convictions must be "under this section" was held in Brewsaw v. State, supra, to require a specific reference to the statute in the indictment.

The second and third of these complaints are based on Millwood v. State, 190 Miss. 750, 1 So. (2d) 582, and are well founded.

As in Millwood v. State, supra, the appellant did not demur to the indictment, but since the allegations omitted therefrom go "to the very essence of the offense attempted to be charged the omission thereof was not waived by appellant's failure to demur thereto." Herron v. State, 118 Miss. 420, 79 So. 289.

Because of these defects in the indictment, the judgment of the court below must be reversed, and, as in the Millwood case, a new trial awarded. This we understand the Assistant Attorney General to concede, and also that

ously, and for a third time, having been twice convicted as aforesaid, wilfully, unlawfully, and feloniously did have in his possession and under his control intoxicating liquor, to wit, whiskey, against the peace and dignity of the State of Mississippi.

J. P. Coleman
District Attorney."

the evidence was not sufficient to support the verdict. As to this, it is not necessary for us to express an opinion, as what we have here said indicates what the evidence must disclose.

Reversed and remanded.