McGOWAN v. STATE.

(In Banc. March 11, 1946. Suggestion of Error Overruled May 13, 1946.)

[25 So. (2d) 131. No. 36027.]

G. L. Martin, of Prentiss, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

274

**G. L. Martin**, of Prentiss, for appellant, on suggestion of error.

Argued orally by **G. L. Martin**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted under Code 1942, Section 2613, as a second offender. The statute makes it unlawful and punishable for one to "sell or barter, or give away or keep or have in his possession . . . intoxicating or spirituous liquor . . ." Subsection (b) thereunder provides for an increased penalty "for the second conviction for violating this section."

The indictment alleges that the offense charged was committed in December 1944 "at a time when he, the defendant, had previously, to-wit, Sept. 6, 1939, been duly and legally tried and convicted for the unlawful posses-

sion of intoxicating liquor, whiskey, and had also previously, to-wit, August 31, 1944, been duly and legally tried and convicted for the unlawful sale of intoxicating liquor, whiskey, in and by the Circuit Court of Jefferson Davis County, Mississippi . . .''

We notice first the point that the indictment states no offense in that it refers the second offense to former offenses, for one of which the defendant had been convicted more than two years prior to the indictment above quoted. We are of the opinion that the two-year statute of limitations applies solely to prosecutions, and does not operate to recast the status of the defendant as a prior offender.

There is next assigned as error the alleged innate invalidity of the indictment arising out of the lack of identity between a sale of liquor and a subsequent possession thereof. The statute itself answers this contention. Aside from an argumentative view that sale implies possession, the statute places in the category of second offenders those who are guilty of "violating this section," which obviously means any act therein denounced.

We come next to the contention that the indictment fails to charge that the prosecution is had under Section 2613, Code 1942, as required by Rogers v. State, 198 Miss. 495, 22 So. (2d) 550. The principles stated in this case stem from Brewsaw v. State, 168 Miss. 371, 151 So. 475, 476. The language there used was as follows, "The indictment, therefore, should have charged that the two previous convictions were for a violation of this particular statute, and in what court or courts they were had and when."

It was noticed in the Rogers case that the necessity for citation of the particular statute under which conviction was sought was a requirement imposed by judicial construction in derogation of general rules of criminal procedure. Yet, the Brewsaw case was reversed upon the ground that the indictment "failed to sufficiently charge the felony." That this is true need be shown only

by the fact that the prosecution and conviction were for a third offense when it was not alleged that the defendant had been theretofore convicted as a second offender.

Since an indictment for a first offense under this statute need not charge that it is under this particular section, it would seem that in charging a second offense it would not be necessary that the first offense be set forth with a greater particularity than was required in the first instance. Such reason as may be available to support the language of the Brewsaw case is exhausted in maintaining the proposition that an indictment for a second and third offense should exhibit for accreditation the number of the only statute from which the language of the charge was borrowed and under which prosecution by indictment could be had. For all the Court knew, the defendant in the Brewsaw case had been twice before convicted only as a first offender. His status as a convicted second offender was not alleged.

Millwood v. State, 190 Miss. 750, 1 So. (2d) 582, was dealing with a third offense. Here again the necessity that the indictment show that the defendant was charged as a third offender under the statute was stressed. It ought to appeal to reason that the requirement that an indictment of one as a repeater under this section need show only that such prosecution was under authority of that section. Every presumption would support the fact that if he had been formerly convicted as a second offender in the circuit court, such previous conviction was under an indictment which conformed to the same requirement. His status as a second offender under the statute presupposes a conviction of a first offense under the statute.

Rogers v. State, supra, likewise dealt with a third offense, and the Court seemed to construe the Brewsaw case as requiring only that "the second and third convictions must be 'under this section.'" [198 Miss. 495, 22 So. (2d) 551.] A second violation of a statute implies a

former violation; so likewise a third violation implies a first and second. The allegation and proof that the prior convictions were in the circuit court of the county, together with the considerations hereinafter mentioned, put the case beyond the scope of Trivillion v. State, 195 Miss. 308, 15 So. (2d) 285.

The foregoing is discussion and not decision, but is given point by the necessity for construing the allegations of the indictment here. The charging clause which follows the excerpt above quoted is as follows: "did then and there on the date aforesaid, in the county aforesaid, wilfully and unlawfully have in his possession (and for a second time, having once been convicted for the possession of intoxicating liquor as aforesaid), certain intoxicating liquor, to-wit whiskey, in violation of and contrary to paragraph (b), Section 2613 of the Mississippi Code of 1942."

The three cases above cited have in common the requirement that subsequent offenders be proceeded against as such. To this end, it must be alleged that they have repeatedly violated the same section. Since we have but one such section, and since the indictment alleges in substance that the defendant possessed liquor in violation of Section 2613, and that this was the second time such offense had been committed and that he had been theretofore convicted in the Circuit Court of Jefferson Davis County, Mississippi, on definite dates, no defendant with a modicum of comprehension could fail to be adequately informed of the nature and cause of the accusation against him.

The lines with which we have heretofore bound this statute are too taut to be subjected to further strain.

Other assignments have been examined but found not to justify reversal.

Affirmed.

DISSENTING OPINION.

**Sydney Smith, C. J.,** delivered a dissenting opinion.

In order to bring this case within subsection (b) of Section 2613, Code 1942, this indictment should have alleged in substance and in proper form that Jack McGowan, in the county aforesaid and after having been convicted in a named court of competent jurisdiction of a violation of Section 2613, Code 1942, did, on the —— day of August, 1944, have in his possession whiskey contrary to Section 2613, Code 1942, and against the peace and dignity of the State of Mississippi[1] Brewsaw v. State, 168 Miss. 371, 151 So. 475; Millwood v. State, 190 Miss. 750, 1 So. (2d) 582; Rogers v. State, 198 Miss. 495, 22 So. (2d) 550. This indictment alleges the possession by the appellant of whiskey in December, 1944, contrary to Section 2613, Code 1942, but wholly fails to allege that either of the two former convictions referred to therein were for violations of that Section of the Code. The indictment, therefore, does not bring the case within subsection (b) of Section 2613, Code 1942. Consequently, under the authorities supra the judgment should be reversed and the cause remanded for trial and punishment under subsection (a) of that Section of the Code.

---

[1]A good, though not the only, form for such an indictment would be (after setting forth the usual formal allegations) that on the —— day of —— John Doe was convicted in the Circuit Court of —— County, Mississippi, of the possession (or sale, etc., as the case may be) in violation of Section 2613, Code 1942, and thereafter on the —— day of ——, 19—, did in the county of ——, State of Mississippi, have in his possession (describe or name the liquor) contrary to the aforesaid Section 2613, Code 1942, and against the peace and dignity of the State of Mississippi. These blanks, of course, should be filled out and if the former conviction was in the court of a justice of the peace the allegation should conform thereto.

**L. A. Smith, Sr.**, and **Roberds, JJ.**, concur in this dissenting opinion.

**Griffith, J.**, delivered the opinion of the court on suggestion of error.

On the original submission appellant made the point, but without the citation of any of the authorities, that no proof was made that the Jack McGowan who was shown by the judgments, introduced in evidence, to have been formerly convicted, was the same person as appellant. He has renewed his insistence upon the point and cites the line of cases which hold that "to warrant the application of a statute authorizing additional punishment of one convicted of crime upon proof of former conviction, the identity of the accused and the one against whom the former judgments were entered must be established by affirmative evidence; mere proof of identity of names not being sufficient."

As against this view there is the line of cases which "holds that identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity."

The cases of most of them are collected in the notes to State v. Beaudoin, 131 Me. 31, 158 A. 863, 85 A. L. R. 1101, Notes pages 1107-1113, and having considered them, we concur in the view last stated; and because the contention might otherwise arise in these cases in the future, we add this supplement to the original opinion.

Suggestion of error overruled.