WHITE *v.* STATE.

May 5, 1952.

No. 38343 (58 So. (2d) 510)

Floyd W. Cunningham, for appellant.

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Alexander, J.**

Here involved is a habeas corpus proceeding in which the petition was denied by the circuit judge.

Appellant was indicted in February 1947 as a third offender under Code 1942, Section 2613, providing graduated penalties for successive violations of our law prohibiting the possession, and sale of, and other traffic in, intoxicating liquors. To the charge appellant pleaded guilty and the court entered a judgment and order thereon which set forth the plea of guilty and that "the court defers the matter of imposing sentence pending good behavior of defendant."

In September 1950, on motion of the prosecuting attorney, there was a hearing, upon due notice, upon the issue whether, due to alleged repeated offenses, the court should pronounce sentence. After such hearing, which was set and heard in vacation, the judge imposed a sentence of two years confinement in the state penitentiary. There-

upon, appellant filed his petition for discharge under writ of habeas corpus.

The indictment was in three parts, the first of which alleged unlawful possession of intoxicating liquors in March 1937, and a conviction thereof. The second part set out such conviction and alleged that in June 1941 the appellant was again convicted of a similar offense. The third part alleged that after the two prior convictions, he did, in December 1946, have possession, as aforesaid.

██ ██ The indictment does not properly charge a second or third offense as such. This is necessary. It is not enough that the accused may have been theretofore convicted of the possession of liquors; he must be charged and convicted as a second and third offender. The indictment here recites merely former convictions as for first offenses. A past history of successive offenses is not a proper part of a charge of mere possession, even though it may be a relevant consideration in the mind of the judge in fixing a proper sentence. So long as succeeding violations under this section are charged merely as repeated occasions and not as repeated offenses, these former incidents are but surplusage. One may be convicted a score of times and yet be punishable only under paragraph (a) of the Act. To be convicted as a second offender under paragraph (b), or as a third offender under (c), he must be charged as such. These distinctions are saved from any confusing subtleties by underlining the fact that each paragraph is a separate crime, with a separate penalty. The indictment states merely that after the first offense, the appellant was again convicted of the same offense. If it is the same offense, it remains under paragraph (a). The grand jury does not indict repeaters as such. If it chooses to invoke paragraphs (b) and (c) involving, respectively, second and third offenses, under Section 2613, it must charge the first conviction under the statute and thereupon charge that thereafter he committed a second offense in violation of paragraph (b). Thus, he is charged, not with violating

(a) for the second time, but with violating (b) for the first time. And so, for a violation of (c).

But for the repeated oversight of these requirements, it would seem sufficient merely to cite former decisions without elaborating upon them. Brewsaw v. State, 168 Miss. 371, 151 So. 475; Trivillion v. State, 195 Miss. 308, 15 So. (2d) 285; McGowan v. State, 200 Miss. 270, 25 So. (2d) 131, 26 So. (2d) 70; Riley v. State, 204 Miss. 562,37 So. (2d) 768; Outlaw v. State, 208 Miss. 13, 43 So. (2d) 661.

 Wherefore, the indictment was only for a first offense and punishable as a misdemeanor under paragraph (a). For this reason alone, the sentence imposed was erroneous. It should be borne in mind that the trial judge did not suspend a sentence which had been imposed, but deferred imposition of any sentence. A former suspension may under Section 2543 be revoked in vacation, but there is no authority to impose a sentence except in term time. In the case of White v. State, 185 Miss. 307, 188 So. 8, whose identity of name, jurisdiction and offense may of course be merely coincidental, it was held that a sentence for a misdemeanor may not be imposed in vacation. There was no need to take testimony to establish subsequent acts constituting grounds for imposing a sentence.

After plea of guilty, the appellant came into the custody of the court. He remained subject to be sentenced at a later term. The court retained jurisdiction over him and of the case. Fuller v. State, 100 Miss. 811, 57 So. 806, 39 L. R. A., N. S., 242; Hoggett v. State, 101 Miss. 269, 57 So. 8; Crump v. Trapp, Miss., 36 So. (2d) 459.

So that the case comes down to this: Appellant has pleaded guilty to a misdemeanor at a term of court which expired without imposition of sentence. Such course results in a continuance of the case for later sentence. Hoggett v. State, supra. He is still answerable to the court. His custody by the sheriff was therefore proper at least to the extent that he is to be made answerable to

the court in further proceedings to impose sentence as for the misdemeanor.

The judgment is therefore affirmed, and since there was no attack upon the indictment by demurrer, as in Brewsaw v. State, supra, but a plea of guilty, as contrasted with Millwood v. State, 190 Miss. 750, 1 So. (2d) 582, the cause will be remanded for proper sentence, pending which appellant shall remain in custody subject to bail. We find no obstacle to this course in White v. State, supra, where a different procedural disposition was made. Compare Jenkins v. State, 207 Miss. 281, 42 So. (2d) 198.

Affirmed and remanded.

**Roberds, P. J.**, and **Lee, Holmes** and **Arrington, JJ.**, concur.