607 So.2d 1163 (1992)
Randall D. PAGE
v.
STATE of Mississippi.
No. 90-IA-0270.
Supreme Court of Mississippi.
August 26, 1992.
*1164 William O. Townsend, Pearl, for appellant.
Michael C. Moore, Atty. Gen., John H. Emfinger, Sp. Ass't. Atty. Gen., Jackson, for appellee.
En Banc.
ROY NOBLE LEE, Chief Justice, for the Court:
Randall Page was indicted by the Rankin County Grand Jury and charged with the felony offense of driving under the influence of intoxicating liquor in violation of Miss. Code Ann. § 63-11-30(1) and § 63-11-30(2)(d), (Supp. 1991) because he had been previously convicted upon four (4) separate charges of driving while under the influence of intoxicating liquor.
Page moved to strike the prior convictions and dismiss the indictment on the ground that the prior convictions were not properly set forth and charged in the indictment so as to trigger the felony offense provision of the Implied Consent Law.
A hearing was held, Honorable Alfred G. Nichols, presiding, and the court denied Page's motion, holding that the indictment was sufficient to charge Page as a felon. Pursuant to Page's petition, the lower court granted certification for interlocutory appeal on the question, pursuant to Miss. Sup.Ct. Rule 5. We granted the petition to consider the interlocutory appeal.

FACTS
Section 63-11-30(2)(d) (Supp. 1991) provides as follows:
Any fourth or subsequent violation of subsection (1) of this section shall be a felony offense, and upon conviction, the offenses being committed within a period of five (5) years, such person shall be fined not less than Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00) and shall be imprisoned not less than ninety (90) days nor more than five (5) years in the State Penitentiary. Except as may be otherwise provided by paragraph (f) of this subsection, the Commissioner of Public *1165 Safety shall suspend the driver's license of such person for five (5) years.
The indictment at issue is titled "INDICTMENT FOR THE OFFENSE OF FELONY  DUI §§ 63-11-30(1) and (2)(d)," and charges in count one that Page:
did wilfully, unlawfully and feloniously drive or operate a vehicle within the State of Mississippi on Highway 49 South, Richland, Rankin County, while under the influence of intoxicating liquor. The said Randall D. Page has three or more convictions for violation of Section 63-11-30(1) of the Mississippi Code of 1972. Said offenses all have occurred within a five year period of this offense. The previous convictions were as follows:
1. Convicted on October 14, 1987, in Ocean Springs Municipal Court in Cause Number 50875;
2. Convicted on August 1, 1988, in Forest Municipal Court in Cause Number 1511;
3. Convicted on February 13, 1989, in Forest Municipal Court in Cause Number 100;
4. Convicted on March 18, 1989, in Brandon Municipal Court in Cause Number 86-0140;
5. Convicted on April 24, 1989, in Forest Municipal Court in Cause Number 389.
Count two of the indictment charged Page with operating a vehicle while having a blood alcohol content of .10% or more. It also charged Page as a felon in the manner set forth above.

I.

The simple question is whether this indictment is legally sufficient to charge Page with a felony offense pursuant to Miss. Code Ann. § 63-11-30(1), (2)(d) (1989).
Questions regarding the legal sufficiency of an indictment to charge a particular crime, as here, are determined on the face of the indictment without reference to whether proof has been, or may be, offered in support of the charge. Winston v. State, 479 So.2d 1093, 1095 (Miss. 1985).

II.
Page contends that the indictment is insufficient because it fails to specifically charge that, within five years prior to the instant charge, he has been convicted of anything other than five first offense violations of the Implied Consent Law. In his view, the indictment must show as a condition precedent to the fourth offense felony charge that he has been charged and convicted specifically of a "first offense," "second offense" and "third offense." Page relies upon a line of older cases known colloquially as the "whiskey" cases.
In Brewsaw v. State, 168 Miss. 371, 151 So. 475 (1933), Brewsaw was indicted, tried and convicted as a felony offender for the unlawful possession of intoxicating liquor. The indictment charged:
That John Brewsaw on the 22 day of May 1933 in the County and District aforesaid having previously been convicted by a court of competent jurisdiction twice for the unlawful possession of intoxicating liquor in the Second Judicial District of Jones County, Mississippi, did then and there, unlawfully, feloniously and wilfully have in his possession intoxicating liquor against the peace and dignity of the State of Mississippi.
Id. at 374, 151 So. at 476.
Brewsaw demurred to the indictment on the ground that it failed to properly charge him as a felon. The statute, similar to the one here, provided that a third conviction would be punishable as a felony. The Court sustained the demurrer on the ground that the indictment fail[ed] to adequately set forth "in what court or courts the [prior] convictions took place and when they took place, and it failed to charge that they were convictions under this statute." Id. at 375, 151 So. at 476.
The Court reasoned that:
Under the statute the unlawful possession alone of intoxicating liquor is not a felony; it is the third offense that constitutes the felony. The first two convictions are therefore essential elements of the felony; without them there is no *1166 felony; they are just as much a part of the felony as the unlawful possession of the liquor. Furthermore, to constitute a felony the two previous convictions must be under the same statute. The indictment, therefore, should have charged that the two previous convictions were for a violation of this particular statute, and in what court or courts they were had and when.
Id. at 375, 151 So. at 476.
In Millwood v. State, 190 Miss. 750, 1 So.2d 582 (1941), Millwood was indicted as a third offender under the "whiskey" statute which made a third offense punishable as a felony by "imprisonment ... not less than one year nor more than five years, if the conviction is for an offense under this Act committed after the person convicted has been convicted and punished for two former offenses hereunder." Id. at 755, 1 So.2d at 582.
In reversing Millwood's conviction, the Court stated:
And under the reasoning set forth in Brewsaw v. State, 168 Miss. 371, 151 So. 475, when the procedure seeks to hold the accused as a second offender it must be charged in the affidavit or indictment and shown by the proof that previously to the commission of the offense then being prosecuted, the accused had been convicted of a first offense under the statute; and when the accused is being prosecuted for a felony or third offense, the indictment must charge and the proof must show (1) that the accused had been convicted of a first offense, and (2) that after being convicted of the first offense he committed the second offense and was convicted of it as such, and (3) after the successive offenses and convictions in the order aforesaid, he committed the third or felonious offense.
Neither the indictment nor the proof in this case, which is a prosecution as for felony, measures up to the requirements set forth in the foregoing paragraph... .
Id. at 755-56, 1 So.2d at 583 (emphasis added).
Following Millwood, the Court decided Rogers v. State, 198 Miss. 495, 22 So.2d 550 (1945), another case where the defendant was charged with a felony offense under the statute making illegal the possession of intoxicating liquor. The pertinent part of the indictment charged as follows:
[O]n the 30th day of August, 1943, the said James Rogers was duly and legally convicted in the Justice of the Peace Court of M. McKibben of District number one, Grenada County, Mississippi, of the said offense of possessing intoxicating liquors, which judgment of conviction being a final conviction, is of record at Page 317 of Docket No. 4 of the said M. McKibben, Justice of the Peace; and Thereafter, on the 2nd day of March, 1944, ... as appears of record at Page 30 of Docket No. 5 of the said McKibben, Justice of the Peace of District number one, Grenada County, Mississippi, in said court of the said Justice of the Peace, James Rogers was duly and legally convicted of the said offense of unlawfully possessing intoxicating liquors, towit, whiskey, which said judgment is a final judgment of conviction; and Thereafter on the 10th day of January, 1945, in Grenada County, Mississippi, and within the jurisdiction of this Court, the said James Rogers wilfully, unlawfully and feloniously, and for a third time, having been twice convicted as aforesaid, wilfully, unlawfully and feloniously, did have in his possession and under his control intoxicating liquor, towit whiskey, against the peace and dignity of the State of Mississippi.
Id. at 497-98 n. 1, 22 So.2d at 550 n. 1.
The court held that the indictment, under the authority of Brewsaw, did not contain a specific reference to the statute under which the present charge was brought, nor did it provide specifically that the prior convictions were under the same statute. Under the authority of Millwood, the court held that the indictment failed to charge a felony offense because it did not specifically allege that the defendant's "second conviction was on a charge of having intoxicating liquor in his possession after a former conviction... ." Id. at 498, 22 So.2d at 550 (emphasis in original).
*1167 Simply being charged under the same statute "for a third time" after "having been twice convicted" does not charge a felony, according to Millwood and Rogers. This was clearly stated in McGowan v. State, 200 Miss. 270, 25 So.2d 131 (1946) where, in discussing Brewsaw, the Court noted that "[f]or all the Court knew, the defendant in the Brewsaw case had been twice before convicted only as a first offender. His status as a convicted second offender was not alleged." Id. at 278, 25 So.2d at 132.
In McGowan, the defendant was properly charged as a second offender because the indictment alleged that the defendant "did then and there on the date aforesaid, in the county aforesaid, wilfully and unlawfully have in his possession (and for a second time, having once been convicted for the possession of intoxicating liquor as aforesaid), certain intoxicating liquor, towit whiskey, in violation of and contrary to paragraph (b), Section 2613 of the Mississippi Code of 1942." Id. at 279, 25 So.2d at 132-33 (emphasis added).
Any question about the requisites necessary to charge a felony offense under statutory schemes like that found in the "whiskey" statute was removed in Miles v. State, 51 So.2d 214 (Miss. 1951). There the Court stated:
The statute [Miss. Code Ann. § 2613 (1942), now § 97-31-27 (1972)] does not impose the graduated penalties merely for successive or repeated offenses. Unless an accused is charged as a subsequent offender, any number of offenses may be treated as first offenses. A second offense within the meaning of the statute must have been committed after conviction of a prior offense, and a third offense after conviction of a second offense. Moreover, the accused must be charged as a second or third offender and all the offenses must be alleged to have been under Section 2613. It is thus that the accused is informed of the nature of the accusation.
Id. at 215.
The indictment in Miles was sufficient because, after alleging that the defendant had been convicted once of possession in violation of Section 2613, it charged "`that thereafter, after having been convicted as aforesaid, ... Miles was convicted ... of a second offense liquor violation, same being of the unlawful possession of intoxicating liquor in violation of Section 2613, Code of 1942, after having been previously convicted at the time and place aforesaid... .'" Id. at 215 (emphasis added). The third offense was then charged as having been committed by the defendant "`after having been twice previously convicted as aforesaid.'" Id. Thus, the indictment alleged an initial conviction, a specific "second offense" conviction, and then charged a third offense following the two previous convictions. The indictment showed more than repeated first offenses; it showed specifically a second offense which preceded the charged third offense.
White v. State, 214 Miss. 235, 58 So.2d 510 (1952) is to like effect. There the indictment alleged a conviction in 1937, a similar conviction in 1941, and unlawful possession in 1946 after having been twice convicted of similar offenses. Id. at 58 So.2d at 511. The Court stated:
The indictment does not properly charge a second or third offense as such. This is necessary. It is not enough that the accused may have been theretofore convicted of the possession of liquors; he must be charged and convicted as a second and third offender. The indictment here recites merely former convictions as for first offenses. A past history of successive offenses is not a proper part of a charge of mere possession, even though it may be a relevant consideration in the mind of the judge in fixing a proper sentence. So long as succeeding violations under this section are charged merely as repeated occasions and not as repeated offenses, these former incidents are but surplusage. One may be convicted a score of times and yet be punishable only under paragraph (a) of the Act [as a first offender]. To be convicted as a second offender under (b), or as a third offender under (c), he must be charged as such. These distinctions are saved from any confusing subtleties by underlining *1168 the fact that each paragraph is a separate crime, with a separate penalty... . If it is the same offense, it remains under paragraph (a). The grand jury does not indict repeaters as such. If it chooses to invoke paragraphs (b) and (c) involving, respectively, second and third offenses, under Section 2613, it must charge the first conviction under the statute and thereupon charge that thereafter he committed a second offense in violation of (b). Thus, he is charged, not with violating (a) for the second time, but with violating (b) for the first time. And so, for a violation of (c).
... .
Wherefore, the indictment was only for a first offense and punishable as a misdemeanor under paragraph (a).
Id. at 239, 58 So.2d at 511.

A.
In an analogous context, this Court stood firmly by its "whiskey" case reasoning. Burnett v. State, 285 So.2d 783 (Miss. 1973), involved an indictment charging the defendant with third offense felony shoplifting. Like the "whiskey" statute and the Implied Consent Law, the statutory scheme for shoplifting increases the penalty for each succeeding conviction under that particular statute so that the third conviction for violating the shoplifting statute is punishable as a felony.
The indictment charged Burnett with felony shoplifting, and alleged that the defendant had been convicted previously of shoplifting on three separate occasions. Relying on prior "whiskey" cases, the Court held the indictment was insufficient to charge Burnett with a felony, since the indictment failed to show that the prior convictions were anything other than first offenses. The indictment did not "allege that the defendant was ever tried for and convicted of a second offense... ." 285 So.2d at 784.
Burnett also observed that:
Under a similar statute ... where the crime of selling intoxicating liquor is divided into three parts, gradually increasing the penalty so that the third sale of intoxicating liquor in violation of the statute became a felony, this Court held that the failure of the indictment to allege a second sale as such was fatal to a felony charge for the violation of the statute on a third unlawful sale of intoxicating liquor.
Id. at 785 (emphasis added).

B.
The indictment attempting to charge Page with a felony is insufficient. As in the whiskey and shoplifting context, the Implied Consent Law, Miss. Code Ann. § 63-11-30(1) to (2), increases the penalty for each succeeding violation of the statute to the point where a fourth or subsequent violation may be punished as a felony. Each subparagraph of § 63-11-30(2) represents a separate crime with separate penalties. Section 63-11-30(2)(a) establishes an offense and penalty for the first conviction under subsection (1). Section 63-11-30(2)(b) establishes a second offense with its attendant, graduated penalty. Section 63-11-30(2)(c) establishes a third offense and graduated penalty, and Section 63-11-30(2)(d) establishes a fourth or felony offense and graduated penalty.
Thus, each prior conviction is an element of the felony offense, and each must be specifically charged. Here, the indictment tells Page nothing more than that he has been convicted five times previously for violating § 63-11-30(1). For all we know, Page was convicted and punished as a first offender under § 63-11-30(2)(a) each and every time. The indictment fails to allege requisite elements of the felony offense, i.e, that Page has been convicted previously of a first offense violation of § 63-11-30(1) as provided in § 63-11-30(2)(a), and thereafter of a second offense violation under § 63-11-30(1), after having been convicted for a first offense, as provided in § 63-11-30(2)(b), and thereafter of a third offense violation of § 63-11-30(1), after having been convicted of a second offense, as provided in § 63-11-30(2)(c) of conviction of first, second and third offense.
*1169 Without these charges, the indictment here is insufficient to charge anything other than a repeat misdemeanor, and not a felony fourth offense.

III.
The argument by the State, and accepted by the trial court, is that the indictment at issue is tested by the standards imposed by modern criminal rules. Since 1979, Miss. Unif.Crim.R.Cir.Ct.Prac. 6.04 has generally informed the Court of the requirements for an indictment seeking "enhanced punishment for subsequent offenses under state statutes, including but not limited to, the Habitual Criminal Statute, Miss. Code Ann. Sections 99-19-81 and 99-19-83 and the Uniform Controlled Substances Law, Miss. Code Ann. Section 41-29-147... ." Both Rule 6.04 and the case law preceding this rule have "continuously held that the indictment on the enhanced punishment portion must `contain adequate specificity relating to the felony offense for which [defendant] allegedly had been previously convicted.'" Benson v. State, 551 So.2d 188, 1956 (Miss. 1989) (alteration in original).
Rule 6.04(1) requires specifically that the "indictment ... allege with particularity the nature or description of the offense constituting the previous felonies, the state or federal jurisdiction of previous conviction, and the date of judgment."[1] What ultimately is constitutionally important is that "sufficient information ... [be] afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment... ." Benson, 551 So.2d at 196.
It could be argued in the case at bar that the indictment satisfied the above stated due process requirement and that Page was adequately informed of the "specific prior convictions" upon which the State was relying to support the felony charge. The indictment set forth clearly that Page had been previously convicted of violating § 63-11-30(1), and detailed the jurisdiction of the prior convictions, and the date of those convictions. However, the gravity and seriousness of each successive violation of the statute, i.e., second, third, fourth and fifth were not charged after the first offense. Therefore, Page was not made aware that his continued violations increased in punishment for the offense, and that he eventually, by his continued violations, could face a felony sentence.

A.
Rule 6.04 applies to enhanced punishment schemes like those mentioned therein. There is a significant difference between it and the kind of enhanced punishment schemes covered for example, by § 99-19-81, -83. The former scheme involves an enhancement of the offenses, as well as the penalty for subsequent offenses committed thereunder, provided the accused is charged and convicted as such.
The latter scheme affects sentencing only, and does not create a separate criminal offense unto itself. Nathan v. State, 552 So.2d 99, 106 (Miss. 1989); Osborne v. State, 404 So.2d 545, 548 (Miss. 1981). The prior convictions which will suffice to trigger the enhanced punishment provisions of 99-19-81, -83 or XX-XX-XXX, for that matter, are not essential elements of any presently charged offense, unlike the prior convictions, which will suffice to trigger the felony provision of schemes like that found in the Implied Consent Law. See e.g., Jones v. State, 523 So.2d 957, 960 (Miss. 1988) (holding that the "sentence-doubling provision of § 41-29-147 ... need not recite that the prior convictions were had pursuant to the Uniform Controlled Substances Act [§ 41-29-1, et seq.], since that statute applies where the defendant has a prior conviction under any state or federal statute relating to narcotic drugs").
Section 99-19-81, and similar schemes are designed to enhance the punishment for a "repeat offender." Harris v. State, 527 So.2d 647, 649 (Miss. 1988). Schemes like the one at issue, on the other hand, do not seek to "impose the graduated penalties *1170 merely for successive or repeated offenses" for violation of any number of criminal statutes. Miles, 51 So.2d at 215. The successive offenses must be for violation of the same statute, and "[u]nless an accused is charged as a subsequent offender, any number of offenses may be treated as first offenses." Miles, supra. This is clearly not the case when schemes like that found in § 99-19-81 are applied.
Subparagraphs (a), (b), (c) and (d) of § 63-11-30(2) each represent a "separate crime with a separate penalty." White, 214 Miss, at 239, 58 So.2d at 511. Thus, each separate offense is an essential element of any subsequent offense under this section; three prior convictions for violating § 63-11-30(1), charged and punished as separate, subsequent offenses, are as much elements of the present felony charge as the element of driving under the influence. Cf. Brewsaw, 168 Miss. at 375, 151 So. at 476.

B.
We conclude that the sufficiency of the indictment is governed, not by Rule 6.04, but by Miss.Unif.Crim.R.Cir.Ct.Prac. Rule 2.05 which sets the standards for charging the principal, underlying offense in an indictment. The indictment in this case does not allege prior convictions solely for the purpose of affecting only the sentencing aspect of the case against Page, separate and apart from an underlying offense. On the contrary, the indictment at issue alleges prior convictions as elements of the underlying felony offense with which Page is charged.
The felony liquor statute § 63-11-30(2)(d) is before the Court today for interpretation as one of first impression upon this subject. We are of the opinion that the established law and principle on similar statutes through the years are persuasive and, therefore, the indictment failed to sufficiently and properly charge a felony offense against Page. It does charge a violation of first offense. The judgment is reversed and rendered as to the felony charge and is remanded to the lower court for further proceedings as a first offender consistent with this opinion.
REVERSED AND RENDERED IN PART AS TO FELONY CONVICTION. REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN and McRAE, JJ., concur.
BANKS, J., dissents with separate opinion joined by ROBERTSON and PITTMAN, JJ.
BANKS, Justice, dissenting:
We have historically treated alcohol with the ambivalence expressed in the famous N.S. "Soggy" Sweat soliloquy reported for posterity by my Brother Robertson in City of Clinton v. Smith, 493 So.2d 331 (Miss. 1986). Of such ambivalence, extraordinary law is made, some good, some bad. The interpretation of the whisky statutes to require charge and conviction "as a second offender" before one could lawfully be charged as a third offender is an example of the bad.
In modern times, most recognize that hypocrisy concerning intoxicants ill serves our society. Beyond that, while bootlegging and moonshining may have been considered by some as victimless crimes or defendable exercises of freedom to resist oppressive impositions of the dubious morality of some over all, we have, albeit slowly, come to the realization that drunk driving is another matter. If our laws regarding intoxicants, of which alcohol is but one, deserve any respect, we must interpret them according to their tenor and not create escape hatches for offenders.
The statute provides simply that for a fourth or subsequent violation the drunk driver is subject to felony punishment. Miss. Code Ann. § 63-11-309(2)(d) (Supp. 1991). There is no explicit requirement that the offender be punished as a third offender before he is punished as a fourth or subsequent offender. It is only necessary that the defendant have been convicted of three previous offenses. The majority *1171 suggests that the legislative will is that the offender be actually subjected to progressive punishments in order to be subjected to a punishment prescribed for an enumerated offense. If that be so, the legislature could have said so. It takes no great draftsman to have defined a third offender as one who has been subjected to punishment as a second offender and a fourth offender as one who has been subjected to punishment as a third offender.
The majority argues that "Page was not made aware that his continued violations increased in punishment for the offense, and that he eventually, by his continued violations, could face a felony conviction." For the first time we recognize ignorance of the law as an excuse and we do so without one whit of evidence that Page was, in fact, ignorant of the law's provisions. He had but to read the statute or have had it read to him.
As far as this writer can ascertain, no court in this land has interpreted a similar statute similarly, and such statutes abound. It is true that the majority rule requires that a second or subsequent offense be committed and conviction had therefor at a later point in time than the offense used as a predicate for enhancement. See, 24 A.L.R.2d 1247 and cases cited therein. Paradoxically, we have declined to follow that rule with regard to our habitual offender statute, relying on the logically and legally meaningless distinction that that statute is not offense specific, that is, it does not prescribe successive enhanced punishments for the same offense. Jordan v. State, 383 So.2d 495 (Miss. 1980).
This writer has found no support from our sister states for the more restrictive interpretation of enhancement statutes that fourth offenders need be charged as third offenders and convicted as such before they are liable for treatment as fourth offenders. I agree with the majority rule to the effect that enhanced punishment be based on conduct that is truly subsequent. In the instant case, however, the indictment alleged five prior convictions in three different counties. That Page may have been able to escape charge and punishment as a second or third offender should not preclude his conviction under the statute as a fourth offender. Our "whisky" cases were wrong when decided and they should be abandoned once and for all. I would affirm.
ROBERTSON and PITTMAN, JJ., join this dissent.
NOTES
[1] Rule 6.04(1) refers to the "previous felonies" but here we have prior misdemeanors and we apply its standards to the facts of this case.