# IN THE COURT OF APPEALS 12/17/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-KA-00559 COA

GLENN C. MCQUEEN

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B


TRIAL JUDGE: HON. ROBERT LOUIS GOZA JR.

COURT FROM WHICH APPEALED: RANKIN COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

DANNYE L. HUNTER

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: WAYNE SNUGGS

DISTRICT ATTORNEY: JOHN KITCHENS

NATURE OF THE CASE: CRIMINAL: FELONY DRIVING UNDER THE INFLUENCE

TRIAL COURT DISPOSITION: GUILTY: SENTENCED TO SERVE FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST FOUR (4) YEARS SUSPENDED AND PAY A FINE OF $5,000.00 WITH $3,000.00 OF THE FINE SUSPENDED


BEFORE THOMAS, P.J., DIAZ, AND SOUTHWICK, JJ.

DIAZ, J., FOR THE COURT:

Glenn C. McQueen (McQueen) was convicted of felony driving under the influence (third offense) in the Circuit Court of Rankin County. On appeal, McQueen raises the following enumerated issues: (1) the court committed reversible error in overruling his motion to dismiss the indictment; (2) the court erred in denying Appellant a jury trial on the prior convictions issue; (3) the court committed error in admitting evidence of Appellant's prior D.U.I. convictions during sentencing; and (4) the verdict is contrary to the overwhelming weight of the evidence.

FACTS

Officer Robert Burton (Burton) of the Mississippi Highway Patrol was patrolling Highway 18 during the early morning hours of June 19, 1993. Burton was driving toward Brandon, Mississippi when a truck approached him on the wrong side of the highway, forcing him from the road. Burton turned his patrol car around and stopped the wayward vehicle. Upon approaching the driver, Burton detected a strong alcohol smell coming from the vehicle. The driver, McQueen, staggered from the vehicle, and the officer assisted him to the back of the truck. Burton then transported McQueen to the sheriff's office for an intoxilyzer test. McQueen attempted the test four separate times but would not complete the test. Due to his refusal to correctly take the test, he was charged with D.U.I.

Following a jury trial on January 13, 1994, McQueen was found guilty of operating a motor vehicle while under the influence of intoxicating beverages in violation of Mississippi's Implied Consent Law, section 63-11-30 of the Mississippi Code of 1972. Due to three prior D.U.I. convictions, McQueen was found guilty of felony driving under the influence and sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections with four years suspended and pay a fine of $5,000.00 with $3,000.00 suspended.

DISCUSSION

I. DID THE TRIAL COURT ERR IN OVERRULING

THE APPELLANT'S MOTION TO DISMISS THE INDICTMENT?

McQueen maintains on appeal that the indictment was fatally defective because it failed to specifically charge him with a second offense D.U.I. in violation of section 63-11-30 (2)(b). He cites *Page v. State,* 607 So. 2d 1163 (Miss. 1992) and *Ashcraft v. City of Richland*, 620 So. 2d 1210 (Miss. 1993) in support of his position.

Section 63-11-30(1) of our Implied Consent Law prohibits operating a vehicle while under the influence of alcohol. Additionally, sections 63-11-30(2)(a)-(c) indicate increased punishments for each successive offense. Miss. Code Ann. § 63-11-30(2)(a)-(c) (Supp. 1995). The provision under which the State attempted to proceed against McQueen reads:

> For any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony and fined not less than Two Thousand

> Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00) and shall be imprisoned not less than one (1) year nor more than five (5) years. . . .

Miss. Code Ann. § 63-11-30(2)(c) (Supp. 1995).

The indictment attempting to charge McQueen with felony D.U.I. reads as follows:

> **GLENN C. MCQUEEN**, on or about the 19th Day of June, 1993, in the county aforesaid and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously drive or operate a motor vehicle on the roads of the State of Mississippi, Rankin County, while under the influence of intoxicating liquor, when he, the said defendant had then and there two (2) or more convictions for violation of MISS. CODE ANN. §63-11-30 (1) (1972), and said convictions all having occurred within five (5) years of each other, and within (5) five years of this violation, to wit:

> (1) CONVICTED ON THE 5TH DAY OF APRIL 1989, IN THE RICHLAND MISSISSIPPI MUNICIPAL COURT, CASE # 12-496-A, SAID OFFENSE HAVING OCCURRED ON OR ABOUT THE 18 DAY OF FEVRUARY (sic), 1989; as a first offense of M.C.A. Sec. 63-11-30(1) (1972) as provided in 63-11-30 (2)(a) and thereafter;

> (2) CONVICTED ON THE 12TH DAY OF JULY, 1990, 2nd offense violation of Sec. 63-11-30 (1) (1972), IN THE PEARL MISSISSIPPI MUNICIPAL COURT, DOCKET 17 PAGE 148, SAID OFFENSE HAVING OCCURRED ON OR ABOUT THE 01 DAY OF JUNE, 1990; after having been convicted for a first offense violation of Sec. 63-11-30(1), as provided in Sec. 63-11-30 (2)(b) of conviction of first and second offense; and thereafter,

(3) CONVICTED ON THE 08TH DAY OF OCTOBER, 1991, 2nd offense violation of Sec. 63-11-30(1) (1972), IN THE BRANDON MISSISSIPPI MUNICIPAL COURT, CASE #91-0839, SAID OFFENSE HAVING OCCURRED ON OR ABOUT THE 28 DAY OF SEPTEMBER, 1991; after having been convicted for a first offense violation of Sec. 63-11-30(1), as provided in Sec. 63-11-30(2)(b) of conviction of first and second offense; in violation of M.C.A. Section 63-11-30 (1972) and against the peace and dignity of the State of Mississippi.

"Questions regarding the legal sufficiency of an indictment to charge a particular crime, as here, are determined on the face of the indictment without reference to whether proof has been, or may be, offered in support of the charge." *Page v. State*, 607 So. 2d 1163, 1165 (Miss. 1992). McQueen contends that the indictment is fatally flawed in that it does not allege that McQueen was ever

charged under section 63-11-30 (2) (b) for second offense D.U.I. within five years prior to the present charge. We disagree.

The disposition of this case is controlled by *Page*. That case involved a fourth offense felony conviction of driving under the influence in violation of section 63-11-30(1) and 63-11-30(2)(d). *Id.* In *Page*, the supreme court found that each prior conviction is an element of the felony D.U.I. offense, and each must be specifically charged. *Id.* at 1168. The indictment at issue in *Page* listed five previous D.U.I. convictions, along with their respective dates, court names, and cause numbers. *Id.* at 1165. However, the indictment failed to expressly state that the defendant had been charged and convicted of a "first," "second," and "third" offense pursuant to the Implied Consent Law. *Id.* The court found the indictment insufficient to charge anything other than a repeat misdemeanor, and not a felony offense, because it told the defendant "nothing more than that he has been convicted five times previously for violating § 63-11-30(1). For all we know, Page was convicted and punished as a first offender under § 63-11-30(2)(a) each and every time." *Id.* at 1168. In the case *sub judice,* we are not faced with the same problem as the *Page* court. Applying the same rationale to the present case, since the indictment specifically charged McQueen with a "first offense" in violation of section 63-11-30(2)(a) and a "second offense" in violation of section 63-11-30(2)(b) pursuant to the Implied Consent Law, the indictment sufficiently informed McQueen that he had been previously convicted of both a first and a second offense D.U.I. within the previous five (5) years.

McQueen also relies on *Ashcraft v. State* to support his position. *State,* 620 So. 2d 1210 (Miss. 1993). In *Ashcraft*, the defendant was charged as a third offender within five (5) years under section 63-11-30(1). It is important to note that the Uniform Traffic Ticket served as the charging instrument rather than an indictment. In reversing Ashcraft's conviction, the court relied upon the rationale in *Page* and stated:

> The affidavit in the case at bar set forth clearly that Ashcraft had been twice previously convicted of violating § 63-11-30(1). It failed, however, to charge the gravity and seriousness of each successive violation of the statute, i.e., it did not allege that Ashcraft was ever tried for and convicted of a second offense under § 63-11-30(2)(b) after having been convicted of a first offense as provided in § 63-11-30(2)(a).

> . . . .

> The Uniform Traffic Ticket serving in this case as the charging affidavit was insufficient to charge anything other than a repeat first offense misdemeanor.

*Id.* at 1212. We do not find the *Ashcraft* case controlling here because the charging instrument in the case at bar is the indictment, not the Uniform Traffic Ticket. Thus, we must look to the indictment to determine the sufficiency of the charge.

We find the indictment charging McQueen with third offense D.U.I. sufficient. After alleging that the

Defendant had been convicted once of violating Section 63-11-30(1)(a), the indictment charged that McQueen was convicted of a "second offense violation of Sec. 63-11-30(1) . . . after having been convicted for a first offense violation of Sec. 63-11-30(1), as provided in Sec. 63-11-30(2)(b)." The indictment showed more than repeat first offenses; it showed specifically a second offense which preceded the charged third offense. Thus, he is charged, not with violating subsection (a) for the second, third, or fourth time, but with violating subsection (c ) for the first time after violating subsection (a) and (b).

We note that McQueen seems to allege that by failing to include the word "charged" in the indictment, it is fatally flawed. This Court refuses to "split hairs" on such an issue and finds that the use of the word "charged" is unnecessary in this case. The Appellant was adequately apprised of the charge and elements of the charge against him.

As an additional argument, McQueen contends that by allowing him to be charged under

section 63-11-30 as amended July 1, 1992, his constitutional protection against ex post facto laws is violated. According to McQueen, section 63-11-30(2)(c) created a new crime, third offense felony D.U.I. in Mississippi, which did not exist prior to July 1, 1992. He argues that his convictions prior to July 1, 1992, should not be used to indict him for a third offense felony D.U.I. under the amended statute because it retrospectively changes the legal consequences of acts committed by him prior to the amendment.

The State counters that the amended law does not violate the Appellant's protection from ex post facto laws because McQueen was not being re-tried for his prior D.U.I.s, but only punishes McQueen in the event of any future violations.

We find that the application of amended section 63-11-30(2)(c) did not violate McQueen's constitutional right to protection from ex post facto laws. McQueen's June 19, 1993, charge for D.U.I. was committed after the 1992 amendment creating the third offense felony violation, and the use of prior convictions as elements of the new charge does not change or enhance his punishment for the prior offenses. Thus, the Appellant's first assignment of error is rejected.

## II. DID THE COURT ERR IN DENYING APPELLANT

## A JURY TRIAL ON THE PRIOR CONVICTIONS ISSUE?

In McQueen's second enumerated error, he claims that his right to a jury trial was violated in that the jury was not allowed to decide on each element of the offense for which he was being tried. Specifically, he contends that the jury should have been informed of his prior convictions and allowed to determine the validity of those convictions.

The validity and effect of McQueen's prior convictions are matters of law which may be determined by the court. We find that it was within the discretion of the trial judge to make this determination, and he did not err in failing to submit this issue to the jury.

## III. DID THE COURT ERR IN ADMITTING

## EVIDENCE OF THE APPELLANT'S PRIOR CONVICTIONS?

McQueen argues that the trial court erred in allowing evidence of his three prior D.U.I. convictions during the sentencing phase. Initially, McQueen contends that the previous tickets do not allege with particularity the details and essential elements of the prior convictions and, thus, charge only a first offense D.U.I. Second, he contends that the Uniform Traffic Tickets do not charge the gravity and seriousness of each successive offense. He cites *Ashcraft* and *Page* in support of both positions. Lastly, McQueen argues that to constitute a felony, all prior convictions must be under the same statute.

1. The Details and Essential Elements

of the Prior Second Offense

Convictions Were Not Alleged and

The Tickets Do Not Charge the

Gravity and Seriousness of Successive Violations

Because of the similarity in McQueen's first two contentions, we will discuss them together. According to McQueen, the "Uniform Traffic Tickets in each instance all contain the *EXACT SAME LANGUAGE* as in *Page* and *Ashcraft . . .*" However, upon reading the supreme court's opinion in *Page*, this Court was unable to locate the language from the Uniform Traffic Ticket anywhere in the opinion. Apparently the court did not rely on the language of the Uniform Traffic Ticket to reach its decision in *Page;* thus, it is not controlling here.

In the case *sub judice*, the proof presented consisted of the prior Uniform Traffic Tickets and the court abstracts. In all three prior D.U.I. charges, McQueen was adequately apprised of the nature of the charges against him. The first ticket alleged a D.U.I. "first offense" and the second two tickets alleged D.U.I. "second offense." Thus, the prior convictions introduced by the State during sentencing were proper.

2. All Prior Convictions Must

Be Under the Same Statute

Next, the Appellant argues that his prior convictions were not under section 63-11-30 as amended on July 1, 1992, and therefore, are not applicable to enhance his June 1993 D.U.I. charge. According to McQueen, "any prior convictions relied upon by the State must be under the same statute . . . ."

It is obvious that McQueen violated section 63-11-3(1) by driving while under the influence of intoxicating liquor. This subsection remained unchanged by the 1992 amendment. Thus, we do not find that the 1992 amendment to section 63-11-30, establishing a third offense felony, created a new statute. Instead, the amendment simply provided for an enhanced punishment for any subsequent violations of section 63-11-30. Thus, we find no merit to this assignment of error. Additionally, without further discussion, we find the remainder of Appellant's arguments scattered within this subsection meritless.

IV. IS THE VERDICT AGAINST THE OVERWHELMING

WEIGHT OF THE EVIDENCE AND DID THE COURT

ERR IN DENYING DEFENDANT'S MOTION FOR

DIRECTED VERDICT AND NEW TRIAL?

McQueen appeals the denial of his motion for directed verdict and motion for new trial. He also contends that the verdict was contrary to the weight of the evidence.

In reviewing the sufficiency of the evidence to support a guilty verdict, this Court takes as true all the facts favorable to the State and all reasonable inferences flowing therefrom, and if they are sufficient to support a verdict of guilty, then the question is resolved against the Appellant. *Minor v. State*, 379 So. 2d 495, 496 (Miss. 1979) (citing *Warn v. State*, 349 So. 2d 1055, 1056 (Miss. 1977)). Only where the evidence is so lacking as to an essential element of the crime charged, that a fair and reasonable juror could only find the accused not guilty, will this Court reverse. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993).

The record reveals that the evidence presented by the State included testimony from the arresting officer that McQueen had approached him on the wrong side of the road, smelled of alcohol when the officer stopped him, had slurred speech, and refused to correctly complete the intoxilyzer test to determine his level of intoxication, if any. The evidence in this case, if accepted as true by the jury, is sufficient to support a verdict of guilty. We also find that the verdict is not contrary to the overwhelming weight of the evidence, and that the trial judge did not abuse his discretion in denying McQueen's motion for directed verdict and/or a new trial.

We, therefore, affirm the Appellant's conviction and sentence.

**THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE, THIRD OFFENSE, AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR YEARS SUSPENDED AND FIVE YEARS PROBATION, AND FINE OF $5,000.00 WITH $3,000.00 SUSPENDED IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, KING, McMILLIN, PAYNE, AND SOUTHWICK, JJ., CONCUR.**