# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01341-COA

JAMES ALLEN SWAIM A/K/A JAMES A. SWAIM A/K/A JAMES SWAIM — APPELLANT

v.

STATE OF MISSISSIPPI — APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/21/2015 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JAMES ALLEN SWAIM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 11/01/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., JAMES AND WILSON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. James Allen Swaim was convicted of felony DUI after he was arrested on June 1, 2011, for his third DUI offense in five years. Swaim previously received convictions for misdemeanor DUIs on June 25, 2008, and October 21, 2010. Based on these two prior DUI convictions within five years of each other, Swaim was indicted for felony DUI on March 12, 2012.

¶2. On March 4, 2013, Swaim entered a guilty plea to felony DUI, and the trial court sentenced him to five years, with two years to serve, three years suspended, and three years

of post-release supervision.

¶3.    Swaim filed a motion for post-conviction collateral relief (PCCR) on July 22, 2015. In his PCCR motion, Swaim alleged he was improperly convicted of felony DUI, he received ineffective assistance of counsel, his conviction stemmed from a Fourth Amendment right violation, and he entered an involuntary guilty plea. He also attempted to challenge his 2010 misdemeanor DUI conviction. On August 24, 2015, the trial court denied his PCCR motion. Swaim now appeals. We find no error and affirm.

STANDARD OF REVIEW

¶4.    "In reviewing a trial court's dismissal of a [PCCR] motion, our standard of review is well-settled. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Allen v. State*, 164 So. 3d 498, 499 (¶4) (Miss. Ct. App. 2015) (quoting *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)). "However, where questions of law are raised, the applicable standard of review is de novo." *Id.*

ANALYSIS

¶5.    Swaim raised several issues in his PCCR motion. We address three of his contentions here. Swaim asserts that: (1) he was improperly convicted for felony DUI when his prior convictions were for DUI, first offense; and (2) he received ineffective assistance of counsel, which resulted in an involuntary guilty plea.

¶6.    Swaim also challenged his 2010 DUI conviction, but we decline to address this contention because Swaim attempted to collaterally attack multiple judgments contrary to the

2

Uniform Post-Conviction Collateral Relief Act (UPCCRA). *See* Miss. Code Ann. § 99-39-9(2) (Rev. 2015) (The UPCCRA limits PCCR petitions "to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.").

¶7. Additionally, Swaim argues a Fourth Amendment right violation occurred because his DUI stemmed from an illegal search and seizure. Swaim, however, does not state from which DUI this allegation arises or what illegal search occurred. Without more, this Court cannot address this contention. We address the remaining issues.

*I. The trial court properly found Swaim guilty of felony DUI.*

¶8. Swaim initially contends that he was erroneously found guilty of a felony DUI when his two previous DUI convictions were for a first-offense DUI. As such, Swaim asserts that he could only be convicted for a second-offense DUI rather than for a third-offense, or felony, DUI.

¶9. Mississippi Code Annotated section 63-11-30(2)(c) (Supp. 2016) defines third-offense DUI as:

> Except as otherwise provided in subsection (3), for any third conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, the person shall be guilty of a felony and fined not less than Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00), and shall serve not less than one (1) year nor more than five (5) years in the custody of the Department of Corrections.

Based on this statute, Swaim was convicted of third-offense DUI due to his two prior convictions for DUI.

¶10. Swaim, however, asserts that his two prior convictions were for first-offense DUI, which meant he must be convicted of a second-offense DUI before a third-offense DUI. This contention is in error.

¶11. To support this proposition, Swaim relies on *Page v. State*, 607 So. 2d 1163, 1168 (Miss. 1992), and *Ashcraft v. City of Richland*, 620 So. 2d 1210, 1211 (Miss. 1993). The *Page* court held that "each prior conviction is an element of the felony offense, and each must be specifically charged." *Page*, 607 So. 2d at 1168. In the DUI context, this meant that each DUI offense must be specifically charged as a first, second, or subsequent offense, and also that a defendant must have been convicted of first- and second-offense DUI before a conviction for third-offense DUI. *Id. Ashcraft* extended this holding. *Ashcraft*, 620 So. 2d at 1211.

¶12. The Mississippi Supreme Court, however, overruled *Page* and *Ashcraft* "to the extent that they interpret the statute to require that the indictment must specifically show a previous conviction for D.U.I. First prior to being convicted for D.U.I. Second and a conviction of D.U.I. Second prior to being convicted for D.U.I. Third." *McIlwain v. State*, 700 So. 2d 586, 589 (¶9) (Miss. 1997). Thus, the only requirement for a felony DUI conviction is that "the indictment must . . . 'supply enough information to the defendant to identify with certainty the prior convictions relied upon by the State for enhanced punishment.'" *Id.* at (¶10) (quoting *Benson v. State*, 551 So. 2d 188, 196 (Miss. 1989)).

¶13. Here, the indictment stated both of the prior convictions and the dates of those

4

convictions. This information on the indictment sufficiently apprised Swaim of the charge of felony DUI. Additionally, Swaim's petition to enter a guilty plea stated that he sought to plead guilty to felony DUI and that "[he] was arrested for [his] third offense DUI after two prior misdemeanor offenses." For these reasons, Swaim was properly convicted of felony DUI.

> II. *Swaim did not receive ineffective assistance of counsel or enter an involuntary guilty plea.*

¶14. Swaim next contends he received ineffective assistance of counsel due to his trial counsel's failure to fully inform him of the applicable law. Swaim further asserts that he pleaded guilty in reliance on his attorney's advice, which rendered his guilty plea involuntary. Therefore, this Court addresses the claims of ineffective assistance of counsel and an involuntary guilty plea together.

¶15. To support an ineffective-assistance-of-counsel claim, Swaim must show: (1) his counsel's performance was deficient and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, "there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Hooghe v. State*, 138 So. 3d 240, 247 (¶31) (Miss. Ct. App. 2014) (citing *Strickland*, 466 U.S. at 689).

¶16. "The movant must allege facts pointing toward counsel's deficient performance with 'specificity and detail.'" *Bell v. State*, 117 So. 3d 661, 664 (¶10) (Miss. Ct. App. 2013) (citation omitted). Further, "[i]n cases involving post-conviction collateral relief, 'where a party offers only his affidavit, then his ineffective assistance claim is without merit.'" *Cherry*

5

*v. State*, 24 So. 3d 1048, 1051 (¶6) (Miss. Ct. App. 2010) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)). Swaim failed to attach any affidavits in support of his contentions. Swaim merely asserted he received ineffective assistance without alleging specific acts, except in his appellate brief. Therefore, Swaim failed to meet his burden in his PCCR petition.

¶17.    Additionally, Swaim pleaded guilty, which "waives claims of ineffective assistance of counsel 'except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Rigdon v. State*, 126 So. 3d 931, 936 (¶16) (Miss. Ct. App. 2013) (quoting *Hill v. State*, 60 So. 3d 824, 827 (¶6) (Miss. Ct. App. 2011)). Swaim raises the issue that he involuntarily pleaded guilty because his attorney did not disclose information and he only pleaded guilty based on his attorney's advice.

¶18.    Swaim, however, has failed to demonstrate what information the attorney should have provided or that his attorney improperly induced him to plead guilty. As such, Swaim does not meet his burden under *Strickland*. He fails to show how his counsel's actions constituted an error or caused prejudice. Additionally, because Swaim pleaded guilty, he must "show that the deficient conduct proximately resulted in his guilty plea, and but for counsel's errors, he would not have entered the plea." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006) (citing *Reynolds v. State*, 521 So. 2d 914, 918 (Miss. 1988)). Yet Swaim did not demonstrate how his counsel's actions or inactions resulted in his guilty plea. He merely asserts that he would not have pleaded guilty if his attorney presented undisclosed

information.  Absent any additional evidence, this is insufficient to prove ineffective assistance of counsel.  This issue is without merit.

¶19.  **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**